IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, the | § | |
| STATE OF TEXAS, the STATE OF COLORADO, | § | |
| the STATE OF INDIANA, the STATE OF IOWA, | § | |
| the STATE OF MINNESOTA, the STATE OF | § | |
| NEW MEXICO, the STATE OF TENNESSEE, | § | |
| the STATE OF WASHINGTON, *ex rel.* HICHEM | § | CIVIL ACTION NO. 4:18-cv-00123 |
| CHIHI, | § | |
| | § | |
| Plaintiff-Relator, | § | |
| | § | |
| v. | § | |
| | § | |
| CATHOLIC HEALTH INITIATIVES, et al. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS LEACHMAN CARDIOLOGY ASSOCIATES, ZVONIMIR KRAJCER, M.D., DEWITT LEACHMAN, M.D. AND ALBERTO LOPEZ, M.D.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES 12(b)(6) and 9(b)

COME NOW Defendants Leachman Cardiology Associates, Zvonimir Krajcer, M.D., Dewitt Leachman, M.D. and Alberto Lopez, M.D. (collectively, "Leachman Cardiology") and file this their Motion to Dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, because Relator's Complaint fails to state a claim against Leachman Cardiology upon which relief can be granted and fails to meet the heightened pleading requirements of Rule 9(b).

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

I. INTRODUCTION .............................................................................................................. 1

II. SUMMARY OF THE ARGUMENT ................................................................................. 1

III. STATEMENT OF ISSUES ............................................................................................... 4

IV. BACKGROUND ................................................................................................................ 5

    A.    Procedural Background ................................................................................................ 5

    B.    Relator's Allegations ................................................................................................... 5

V. ARGUMENTS AND AUTHORITIES ............................................................................... 6

    A.    Relator Failed to State a Claim Upon Which Relief can be Granted Under the FCA. .... 6

        1.    *Legal Standard for Federal Rule 12(b)(6) and Elements of a FCA Claim.* ..................... 6

        2.    *Relator Failed to State a Claim Regarding Alleged AKS and Stark Violations.* ............. 7

        3.    *Relator Failed to Plead Materiality for His Claims.* ........................................................ 9

    B.    Relator Failed to Plead Fraud with Particularity as Required by Rule 9(b)................... 10

        1.    *Legal Standard for Federal Rule 9(b)* ........................................................................... 10

        2.    *Relator Failed to Plead AKS and Stark Claims with Particularity.* ............................... 11

    C.    Relator Failed to State a Section (a)(1)(G) Reverse False Claim Under 12(c) & 9(b).. 13

    D.    Relator Failed to State a Section (a)(1)(C) Conspiracy Claim Under 12(b)(6) & 9(b).. 15

    E.    The FCA's 6-Year Statute of Limitations Bars Claims Prior to January 12, 2012. ...... 17

    F.    Relator's State Fraud and Unjust Enrichment Counts Should Also Be Dismissed. ...... 17

VI. CONCLUSION AND PRAYER ....................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Abbott v. BP Expl. & Prod., Inc.*,
851 F.3d 384 (5th Cir. 2017) ...................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .........................................................2, 6

*Elliott v. Tilton*,
89 F.3d 260 (5th Cir. 1996) ...............................................15

*Smith v. U.S.*,
287 F.2d 299 (5th Cir. 1961) ............................................ 16

*Tuchman v. DSC Commc'n Corp.*,
14 F.3d 1061 (5th Cir. 1994) ..........................................4, 11

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*,
580 U.S. ___, 136 S. Ct. 1989 (2016) (Appendix "A")..........................9

*U.S. ex rel. Becker v. Tools & Metals, Inc.*,
No. 3:05-CV-0627-L, 2009 WL 855651 (N.D. Tex. Mar. 31, 2009) (Appendix "D")............16

*U.S. ex rel. Chase v. HPC Healthcare, Inc.*,
723 Fed. Appx. 783 (11th Cir. Jan. 24, 2018) ………………………….......................13

*U.S. ex rel. Colquitt v. Abbott Labs.*,
858 F.3d 365 (5th Cir. 2017) ....................................3, 10, 12

*U.S. ex rel. Dekort v. Integrated Coast Guard Sys.*,
705 F. Supp. 2d 519 (N.D. Tex. 2010) ...........................14, 16

*U.S. ex rel. Doe v. Dow Chem. Co.*,
343 F.3d 325 (5th Cir. 2003) ...........................................13

*U.S. ex rel. Foster v. Bristol-Meyers Squibb Co.*
587 F. Supp. 2d 805, 827 (E.D. Tex. 2008) .........................17

*U.S. ex rel. Grubbs v. Kanneganti, M.D.*,
565 F.3d 180 (5th Cir. 2009) ...............................4, 10, 15, 16

*U.S. ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*,
No. CIV.A. 13-6000, 2014 WL 7274913 (E.D. La. Dec. 18, 2014), *aff'd*, 626
Fed. Appx. 528 (5th Cir. 2015) (Appendix "C")…................................................................. 15

*U.S. ex rel. Harman v. Trinity Indus. Inc.*,
872 F.3d 645 (5th Cir. 2017) ........................................................................................2, 7

*U.S. ex rel. Jackson v. Univ. of N. Tex.*,
673 Fed. Appx. 384 (5th Cir. 2016) ................................................................................16

*U.S. ex rel. Lam v. Tenet Healthcare Corp.*,
481 F. Supp. 2d 689 (W.D. Tex. 2007) ...........................................................................12

*U.S. ex rel. Longhi v. United States*,
575 F.3d 458 (5th Cir. 2009) .............................................................................................9

*U.S. ex rel. Marcy v. Rowan Companies, Inc.*,
520 F.3d 384 (5th Cir. 2008) ...........................................................................................14

*U.S. ex rel. Nunnally v. West Calcasieu Cameron Hosp.*,
519 Fed. Appx. 890 (5th Cir. 2013) ................................................................7, 11, 12, 13

*U.S. ex rel. Parikh v. Citizens E. Texas Med. Ctr. Reg'l Healthcare Sys.*,
977 F. Supp. 2d 654 (S.D. Tex. 2013) ...............................................................................8

*U.S. ex rel. Reagan v. E. Texas Med. Ctr. Reg'l Healthcare Sys.*,
274 F. Supp. 2d 824 (S.D. Tex. 2003) .........................................................................7, 13

*U.S. ex rel. Spicer v. Westbrook*,
751 F.3d 354 (5th Cir. 2014) ....................................................................................6, 7, 9

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
125 F.3d 899 (5th Cir. 1997) ...............................................................................7, 8, 11, 12

*U.S. v. HCA Health Services of Oklahoma, Inc.*,
No. 3:09-CV-0992, 2011 WL 4590791 (N.D. Tex. Sept. 30, 2011) (Appendix "B")..............14

*Villarreal v. Wells Fargo Bank, N.A.*,
814 F.3d 763 (5th Cir. 2016) .............................................................................................6

## STATUTES

False Claims Act, 31 U.S.C. § 3729 et seq ........................................................ passim

Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) .............................................. passim

Stark Law, 42 U.S.C. § 1395nn ........................................................................... passim

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 9(b) ...........................................................passim

Federal Rules of Civil Procedure Rule 12(b) .........................................................passim

# I.
# INTRODUCTION

Relator's Medicare fraud case against Leachman Cardiology Associates, Zvonimir Krajcer, M.D., Dewitt Leachman, M.D. and Alberto Lopez, M.D. (collectively, "Leachman Cardiology") should be dismissed. Relator has asserted no meritorious allegations of any actual false or fraudulent claims submitted to the government by Leachman Cardiology or with Leachman Cardiology's participation. Nor has Relator provided any information to discern that any arrangement between Leachman Cardiology and Catholic Health Initiatives, CHI-St. Luke's Health or any other Defendant was illegal or made for the purposes of inducing Medicare or Medicaid referrals.

Instead, Relator alleges in conclusory fashion that Leachman Cardiology, along with nearly 40 other "referring physician" defendants, received international patient services and discounted rent from St. Luke's in exchange for Medicare or Medicaid referrals. Relator provides no details of the alleged scheme between Leachman Cardiology and CHI-St. Luke's. Further, Relator fails to link the alleged scheme with the submission of actual claims or charges to the government. Absent a single false or fraudulent claim based on an illegal referral, the Complaint must be dismissed.

Relator has already had an opportunity to amend his Original Complaint to include his entire "personal knowledge" of the alleged fraud. Thus, further amendment would be futile and the First Amended Complaint should be dismissed with prejudice.

# II.
# SUMMARY OF THE ARGUMENT

Leachman Cardiology fully supports, adopts and incorporates herein by reference the background and arguments set forth in the Motion to Dismiss filed by CHI-St. Luke's. Because

of Relator's legally and factually insufficient allegations, the First Amended Complaint must be dismissed in its entirety.

In the unlikely event the Court determines that Relator has stated some colorable claim against CHI-St. Luke's and/or another defendant, the First Amended Complaint must at least be dismissed as to Leachman Cardiology.  Relator alleges Leachman Cardiology and the other referring physicians violated the Anti-Kickback Statute ("AKS") and the Stark Law; and, as a result of illegal referrals, the False Claims Act, 31 U.S.C. § 3729 ("FCA"), various state Medicaid fraud prevention laws and common law unjust enrichment.  Relator's First Amended Complaint, however, does not give Leachman Cardiology "fair notice" of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal cites omitted).

To state an FCA claim, Relator must allege: (1) a false statement or fraudulent course of conduct made by the defendant; (2) that was carried out with the requisite scienter; (3) that was material; and (4) that caused Medicare to pay out money or to forfeit moneys due (*i.e.*, that involved a claim). *U.S. ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 654 (5th Cir. 2017).

Relator has failed to allege any of these elements as to Leachman Cardiology.  Relator has failed to identify false or fraudulent claims to a federal healthcare program; and, even if Relator had identified such claims, Relator has failed to allege that Leachman Cardiology acted with scienter and made Medicare or Medicaid referrals for an illegal financial gain.

**A.**     **Relator's Claims Must Be Dismissed Under Rule 12(b)(6).**

Relator's claims against Leachman Cardiology must be dismissed under Rule 12(b)(6), because he has failed to state a claim under the FCA or any other law.  Relator has alleged no false statement or fraudulent conduct.  And Relator's underlying AKS and Stark allegations

should be dismissed, because Relator has not identified a single claim which Leachman Cardiology submitted or caused to be submitted based on an allegedly improper referral.  Relator has not stated a claim of an AKS violation, because Relator has not linked any remuneration to Leachman Cardiology to a referral of a Medicare or Medicaid patient.  Relator has not stated a claim of a Stark violation, because Relator has failed to identify an improper financial relationship between Leachman Cardiology and CHI-St. Luke's or any other party that would serve as the basis of a Stark violation.

Relator merely lists Leachman Cardiology among the referring physicians who allegedly received international patient services and discounted office space from CHI-St. Luke's. First Amended Complaint, at ¶¶ 60 & 62.  Relator alleges CHI-St. Luke's provided interpreters and travel stipends to Leachman Cardiology and other referring physicians. *Id.* at ¶¶ 63, 87 & 111. But Relator fails to identify a single false or fraudulent claim submitted to the government by Leachman Cardiology, or with Leachman Cardiology's participation.  Relator fails to identify a Leachman Cardiology physician who participated in a false claim.  Therefore, Relator has failed to plead a proper FCA claim against Leachman Cardiology.

Further, Relator fails to plead plausible facts demonstrating materiality.  Relator's FCA claims should thus be dismissed under Rule 12(b)(6), because Relator has not alleged that Medicare or Medicaid likely would likely refuse to pay any Leachman Cardiology or Leachman Cardiology-referred CHI-St. Luke's claims after becoming aware of the alleged false statements and/or fraudulent conduct or the alleged fraudulent scheme.

**B.     Relator's Claims Must be Dismissed for Failure to Plead Fraud with Particularity.**

In addition, Relator's First Amended Complaint must be dismissed under Rule 9(b) for its failure to plead fraud with particularity.  The law is clear: a relator must plead the details of the

"who, what, when, where, and how" of the fraud in alleging an FCA claim. *U.S. ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 371 (5th Cir. 2017).   The particularity standard of Rule 9(b) generally requires the plaintiff to plead "the time, place and contents of the false representation[], as well as the identity of the person making the misrepresentation and what that person obtained thereby." *U.S. ex rel. Grubbs v. Kanneganti, M.D.*, 565 F.3d 180, 186 (5th Cir. 2009).

Relator has pled no specifics of the presentation or statement of a false claim any Leachman Cardiology physician allegedly made in violation of the FCA.   Relator identifies no false or fraudulent claim that was actually submitted to the government.   Relator simply concludes that if Leachman Cardiology received an interpreter or travel stipend from CHI-St. Luke's, then false claims must have been submitted.   These deficient allegations as to the existence of a false or fraudulent claim simply do not meet the heightened pleading standard of Rule 9(b).  Relator has not pled the "who, what, when, where, and how."

Federal law requires that a complaint provide defendants "with fair notice of the plaintiffs' claims" so as to protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims and then attempting to discover unknown wrongs. *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).   In this matter, Relator's Complaint fails the notice and pleading requirements and is precisely the type of unsubstantiated fishing expedition that federal law prohibits.

## III.
## STATEMENT OF ISSUES

1. Whether Relator's "presentment" and "false statement" counts (Counts I & II)  against Leachman Cardiology based on an alleged Stark or AKS violation should be dismissed pursuant to Rule 12(b)(6), because Relator failed to plausibly allege a false statement and fraudulent conduct by Leachman Cardiology, failed to properly plead the elements of a Stark or AKS violation and failed to plead the materiality requirement of an FCA claim?

-4-

2. Whether Relator's "presentment" and "false statement" counts against Leachman Cardiology should be dismissed pursuant to Rule 9(b), because Relator failed to plead such claims with particularity?

3. Whether Relator's reverse FCA claim (Count III) should be dismissed, because Relator has failed to plead with particularity the nature of the debt or obligation allegedly owed at the time of the alleged false claims?

4. Whether Relator's FCA conspiracy claim (Count IV) should be dismissed, because the allegations fail to satisfy the requirements of Rule 12(b)(6) and Rule 9(b) with regard to the unlawful agreement and the overt act elements, and because Relator's underlying FCA claims fail?

5. Whether the FCA's applicable six-year statute of limitations bars consideration of any claims submitted before January 12, 2012?

6. Whether all other fraud-related counts under state false claims laws (Counts V-XVI) and unjust enrichment (Count XVII) should also be dismissed because of Relator's failure to plausibly allege an AKS or Stark violation?

## IV.
## BACKGROUND

### A.    Procedural Background

Relator, Hichem Chihi, filed this *qui tam* lawsuit under seal on January 12, 2018, alleging that defendants violated the FCA.  On August 15, 2018, the United States and the States of Texas, Washington, Minnesota, Iowa and Indiana declined to intervene in any part of the case. ECF No. 3.  The Complaint was unsealed, per this Court's October 22, 2018 Order. ECF No. 4. Relator filed a First Amended Complaint on January 9, 2019. ECF No. 5. This Court has extended all Defendants' deadlines to answer, move or otherwise respond to the First Amended Complaint response/answer deadline to April 9, 2019. ECF No. 153.

### B.    Relator's Allegations

Relator represents he is an International Patient Representative for Defendant CHI-St. Luke's in Houston, Texas. First Amended Complaint, ¶ 12.  Leachman Cardiology provides cardiology physician services to patients in Houston, Texas.  The First Amended Complaint sets

forth four FCA causes of action against all defendants, including Leachman Cardiology and other physicians who refer patients to CHI-St. Luke's:

Count I: Presenting false claims for payment in violation of 31 U.S.C. § 3729(a)(1)(A);

Count II: Using false statements in violation of 31 U.S.C. § 3729(a)(1)(B);

Count III: Using false statements in violation of 31 U.S.C. § 3729(a)(1)(G); and

Count IV: Conspiracy under the FCA in violation of 31 U.S.C. § 3729(a)(1)(C).

Relator also sets forth a dozen causes of action under the Medicaid fraud prevention laws of various states against all defendants (Counts V-XVI), as well as one unjust enrichment cause of action against CHI-St. Luke's only (Count XVII).

All of Relator's causes of action spring from the allegation that CHI-St. Luke's obtained patient referrals by means of financial incentives, in violation of the Anti-Kickback and Stark laws and regulations.  *Id.* at ¶¶ 31-50.

## V.
## ARGUMENTS AND AUTHORITIES

**A.     Relator Failed to State a Claim Upon Which Relief Can be Granted Under the FCA.**

**1.     *Legal Standard for Federal Rule 12(b)(6) and Elements of a FCA Claim.***

Dismissal is proper if a complaint fails to allege a required element of a claim or where the plaintiff fails to allege facts in support of a claim that would entitle him to relief. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).  To survive dismissal, a complaint must set forth enough factual allegations "to raise a right to relief above the speculative level" and the claims asserted must be "plausible on [their] face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (conclusory assertions do not suffice to "nudge[] claims . . . across the line from conceivable to plausible") (quoting *Twombly*, 550 U.S. at 570). While this Court must "accept all well-pleaded factual allegations as true," "'mere conclusory

statement[s]' do not establish facial plausibility." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Section 3729(a)(1)(A) imposes liability on a person who "knowingly presents, or causes to be presented, to an officer or employee of [Medicare] a false or fraudulent claim for payment or approval."   Section 3729(a)(1)(B) imposes the same on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A) and (B).   To state a claim for either provision, a relator must allege: (1) a false statement or fraudulent course of conduct; (2) that was made or carried out with the requisite scienter; (3) that was material; and (4) that caused Medicare to pay out money or to forfeit moneys due (*i.e.*, that involved a claim). *Harman*, 872 F.3d at 654.  The FCA attaches liability to "the claim for payment," but not to the "underlying [alleged] fraudulent activity or to the government's wrongful payment." *Spicer*, 751 F.3d at 364. Thus, identifying the false claim(s) for payment is critical for the survival of FCA complaint. *See id.*

A "reverse" FCA claim under Section 3729(a)(1)(G) requires that the defendant made a false record or statement to conceal, avoid or decrease an obligation to the United States. *U.S. ex rel. Reagan v. E. Texas Med. Ctr. Reg'l Healthcare Sys.*, 274 F. Supp. 2d 824, 839–40 (S.D. Tex. 2003).  Section 3729(a)(1)(C) makes it a FCA violation to conspire to commit a violation of any other subparagraph (A)-(G). *See* 31 U.S.C. § 3729(a)(1)(C).

### 2. *Relator Failed to State a Claim Regarding Alleged AKS and Stark Violations.*

Relator has failed to state a claim based on alleged violations of the AKS and the Stark Law.  To state an FCA claim based on the AKS, 42 U.S.C. § 1320a-7b(b), Relator must plead that a healthcare provider submitted a claim for services provided to patients for which the

provider "knowingly paid remuneration to specific physicians in exchange for [those] referrals." *U.S. ex rel. Nunnally v. West Calcasieu Cameron Hosp.,* 519 Fed. Appx. 890, 894 (5th Cir. 2013); *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997) ("The Medicare anti-kickback statute prohibits (1) the solicitation or receipt of remuneration in return for referrals of Medicare patients, and (2) the offer or payment of remuneration to induce such referrals.").  The payment must be "an inducement to obtain referrals of Medicare patients." *U.S. ex rel. Parikh v. Citizens Med. Ctr.,* 977 F. Supp.2d 654, 664-65 (S.D. Tex. 2013).

To state an FCA claim under Stark, 42 U.S.C. § 1395nn, Relator must allege that a healthcare provider submitted a claim to Medicare for services provided to patients referred by a physician with whom the service provider has a "financial relationship," as defined by 42 U.S.C. § 1395nn(a)(2).  *See U.S. ex rel. Thompson*, 125 F.3d at 902 ("Stark II provides that the entity may not present or cause to be presented a Medicare claim for services furnished pursuant to a prohibited referral . . . .").

Here, Relator has not satisfied the requirements to plead a plausible AKS or Stark violation against Leachman Cardiology.  **Relator only alleges vaguely that Leachman Cardiology received interpreter services and discounted rent; and that Dr. Krajcer was among a group of physicians receiving a travel stipend from CHI-St. Luke's.  No further specificity is plead.**

Relator has altogether failed to identify any referrals from Leachman Cardiology physicians to CHI-St. Luke's that violate the law.  Relator has failed to plead an AKS violation because he has failed to offer any specifics about the value of the alleged benefits to Leachman Cardiology or how the alleged benefits were an inducement for Medicare or Medicaid referrals.

Relator has failed to plead a Stark violation because he has not identified any improper financial relationship between any Leachman Cardiology physician and CHI-St. Luke's.  Relator has not pled the details of any alleged referral scheme.

Under these circumstances, Relator has not stated an FCA, State Medicaid Fraud or unjust enrichment claim against Leachman Cardiology based on alleged AKS or Stark violations. Because Relator has failed to plead a plausible AKS or Stark violation, this Court should dismiss Relator's FCA, State Medicaid Fraud and unjust enrichment causes of action against Leachman Cardiology, as they are entirely based on alleged violations of AKS or Stark.

### 3.   *Relator Failed to Plead Materiality for His Claims.*

Relator's FCA claims against Leachman Cardiology should also be dismissed with prejudice because he has not pled facts supporting the "materiality" requirement of an FCA claim. *See Spicer*, 751 F.3d at 364; *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009) ("In addition to the requirements found in the text, our jurisprudence holds that a false or fraudulent claim or statement violates the FCA only if it is material.").

As the Supreme Court explained in *Escobar*, "[t]he materiality standard is demanding," because "[t]he False Claims Act is not an all-purpose antifraud statute or a vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs., Inc. v. U.S. ex rel. Escobar,* 580 U.S. ___, 136 S. Ct. 1989, 2003 (2016) (Appendix "A") (quoting *Allison Engine Co. v. U.S.*, 553 U.S. 662, 668 (2008)).  Although "[t]he term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," it is "[not] sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance." *Id.* at 2002–03; *see also Abbott v. BP Expl. & Prod., Inc.*, 851 F.3d 384, 387 (5th Cir. 2017) ("[*Escobar*]

-9-

debunked the notion that a Governmental designation of compliance as a condition of payment by itself is sufficient to prove materiality.").  Materiality requires a showing that the alleged false statement or fraudulent conduct would have an "'effect on the likely or actual behavior of the recipient of the alleged misrepresentation.'" *Escobar*, 580 U.S. ___, 136 S. Ct. at 2002.

Relator has failed to allege that the Government likely would refuse to pay any claims after becoming aware of the alleged fraudulent conduct. *See id.* at 2003 ("[P]roof of materiality can include . . . evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement.").  Relator has pled no allegation that any of the conduct at issue would likely be material to Medicare or Medicaid's decision whether to pay for the underlying services.  Therefore Relator's First Amended Complaint is deficient, and his lawsuit against Leachman Cardiology should be dismissed in its entirety.

**B.**     **Relator Failed to Plead Fraud with Particularity as Required by Rule 9(b).**

In addition to dismissal under Rule 12(b)(6), and as a separate and independent basis, the Complaint should be dismissed under Rule 9(b).

### 1.    *Legal Standard for Federal Rule 9(b)*

Complaints alleging violations of fraud under the FCA or any statute must satisfy Rule 9(b)'s heightened pleading requirements.  Rule 9(b)'s pleading requirements must be met before a relator may be granted access to discovery. *U.S. ex rel. Grubbs v. Kanneganti, M.D.*, 565 F.3d 180, 185, 191 (5th Cir. 2014).

Rule 9(b) requires, at a minimum "that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Colquitt*, 858 F.3d at 371. The relator must set forth the "time, place and contents of the false representation[], as well as the identity of the person making the

misrepresentation and what that person obtained thereby." *Grubbs*, 565 F.3d at 186 (citation omitted).  Where alleging a fraudulent scheme, the relator must present "reliable indicia that false bills were actually submitted as a result of the scheme." *Grubbs*, 565 F.3d at 189.  That is, the relator must allege "details leading to a strong inference that [false] claims were submitted— such as dates and descriptions of . . . services and a description of the billing system that the records were likely entered into." *Id.* at 190-91.

Moreover, federal law prohibits a relator from satisfying the particularity requirement of Rule 9(b) by pleading fraud on the basis of information and belief. *See Thompson*, 125 F.3d at 903.  Stated otherwise, Rule 9(b) "provides defendants with fair notice of the plaintiff's claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims and then attempting to discover unknown wrongs." *Tuchman*, 14 F.3d at 1067.  Relators attempting to plead based on an exception to this general rule must set forth and explain the factual basis, including the basis for reliance, of the "information and belief." *Thompson*, 125 F.3d at 903.  In this matter, Relator's allegations consist entirely of claims based on information and belief, because they merely consist of assumptions, inferences and conclusory statements of Relator.

### 2. *Relator Failed to Plead AKS and Stark Claims with Particularity.*

There are fatal flaws in Relator's First Amended Complaint that require dismissal of each claim, pursuant to Rule 9(b).  Relator does not identify a single false claim that was submitted to Medicare or Medicaid.  Relator fails to provide sufficient specifics of the "who," "what," "when," and "how" of any claims he contends were false and submitted to Medicare or Medicaid with Leachman Cardiology's participation, or of the allegedly fraudulent scheme.  Relator never identifies any particular claim that was actually submitted to Medicare or Medicaid.  Relator

never identifies a particular fraudulent plan involving Leachman Cardiology that would provide reliable indicia that false claims were submitted to Medicare or Medicaid.  Accordingly, the Complaint must be dismissed for failure to plead with particularity.

The First Amended Complaint does not state what Leachman Cardiology did to violate the AKS or the Stark Act.  As in the *Nunnally* AKS case, discussed *supra*, Relator's "complaint does not identify a single claim submitted by [the hospital] for services rendered pursuant to an illegal referral, let alone one for which [Leachman Cardiology or the hospital] expressly certified its compliance with federal law.  Thus, even if we assume that [Relator's] allegations of remuneration are sufficient, [Relator] has pleaded no facts regarding actual Medicare referrals or the billing and payment services provided to any Medicare patient." *Nunnally,* 519 Fed. Appx. at 894.

The First Amended Complaint fails to meet the particularity standard for a Stark Act violation, because it fails to identify a single claim for services provided to patients referred by a Leachman Cardiology physician with whom CHI-St. Luke's has an improper financial relationship. *See Thompson*, 125 F.3d at 902.  This is the cornerstone of any alleged Stark law violation.

Relator fails to provide any details regarding the alleged illegal kickback scheme under AKS, the improper financial relationship under Stark, the improper referrals or the remuneration involved.  Relator's conclusory allegations about interpreter services, discounted rent and travel stipends are insufficient under Fifth Circuit law. *See Colquitt*, 858 F.3d at 372 (affirming dismissal of AKS-based FCA claim on Rule 9(b) grounds where "[n]o particulars" were alleged to connect "the unidentified doctors" to the "vague paragraph" referencing significant volume discounts and rebates to hospitals).

**-12-**

In *Nunnally*, the Fifth Circuit affirmed the dismissal of an AKS-based FCA claim where the relator failed to plead "actual inducements," "any particular details of any actual referral by a physician," or any "particularity [regarding] an actual certification to the Government that was a prerequisite to obtaining the government benefit." 519 Fed. Appx. at 894; *see U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689, 698 (W.D. Tex. 2007) (dismissing AKS claims where relators had not "provided sufficient information to discern that the directorships and financial arrangements made between [defendant] and the referring physicians were illegal or made for the purpose of inducing referrals."); *see also U.S. ex rel. Chase v. HPC Healthcare, Inc.*, 723 Fed. Appx. 783, 790 (11th Cir. Jan. 24, 2018) (affirming FCA dismissal where complaint failed "to identify a single individual . . . who made a referral to Chapters in exchange for a benefit, a single patient that was improperly referred, who at Chapters provided the bribes, or when those exchanges took place).

Relator's First Amended Complaint is similarly flawed and should be dismissed. The First Amended Complaint does not attempt to explain how the alleged financial benefits were agreed to or provided. It also does not explain how the alleged scheme was illegal. *See Nunnally*, 519 F. Appx. at 894. The Complaint neither alleges the scheme with particularity nor provides reliable indicia that false claims were submitted to Medicare or Medicaid for payment. The First Amended Complaint fails to plead alleged fraud with particularity under Rule 9(b).

## C.    Relator Failed to State a Section (a)(1)(G) Reverse False Claim Under 12(c) & 9(b).

To state a claim under the FCA's "reverse" false claim provision, a relator must allege that (1) the defendant made, used, or caused to be used a record or statement to conceal, avoid, or decrease an obligation to the United States; (2) the statement or record was false; (3) the defendant knew that the statement or record was false; and (4) the [Government] suffered

damages as a result. *Reagan*, 274 F. Supp. 2d at 839–40 (S.D. Tex. 2003); *see also U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) ("It is called a reverse false claim because the action of the defendant results not in improper payment to defendant from the Government, but rather no payment to the Government when payment is otherwise obligated.").

Here, Relator has failed to plead with particularity the nature of the liability or the debt obligation that Leachman Cardiology allegedly had to Medicare. *See U.S. ex rel. Dekort v. Integrated Coast Guard Sys.*, 705 F. Supp. 2d 519, 549 (N.D. Tex. 2010) ("[T]he Court is unable to discern from the pleadings any allegations pertaining to an improper reduction in Defendants' liability to the government, or that false statements were made to decrease an obligation."). Relator fails to identify an existing obligation that was owed by Leachman Cardiology.  Relator certainly fails to provide the level of detail required by Rule 9(b).

To the extent that Relator is attempting to re-cast his Section (a)(1)(A) false presentment and Section (a)(1)(B) false statement claims as previously existing "overpayment" obligations to pay Medicare, such a claim is improper and fails to state a claim under Section (a)(1)(G). *See Dekort*, 705 F. Supp. 2d at 549–50 ("DeKort alleges false statements … for improper payment by the government to Defendants, not an improper reduction in the defendant's liability to the government, which is the hallmark of a reverse false claim action.").  The reverse false claims provision only entitles a plaintiff to recover against a defendant who knowingly uses a false record to "'conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.'" *U.S. ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 390 (5th Cir. 2008) (quoting 31 U.S.C. § 3729(a)(7)); *see also* 31 U.S.C. 3729(a)(1)(G).  Thus, a reverse false claim is predicated on an existing obligation to make a payment to Medicare at the time of the false

record, not by a repayment or penalty obligation that would only exist after allegations of wrongdoing are decided. *Marcy*, 520 F.3d at 390.

The courts have routinely rejected circular attempts to re-cast (a)(1)(A) and (a)(1)(B) claims as an (a)(1)(G) claim. *See U.S. v. HCA Health Services of Oklahoma, Inc.*, No. 3:09-CV-0992, 2011 WL 4590791, at *8 (N.D. Tex. Sept. 30, 2011) (Appendix "B") ("Porter is . . . merely recasting his false statement claim under § 3729(a)(3).  This type of redundant false claim is not actionable under subsection (a)(7)."); *U.S. ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*, No. CIV.A. 13-6000, 2014 WL 7274913, at *7 (E.D. La. Dec. 18, 2014) (Appendix "C") (dismissing (a)(1)(G) claim where "Relator's First Amended Complaint attempts to bootstrap a claim under this provision by alleging that Roedel Parsons' double billings created an obligation to refund the double payments"), *aff'd on this ground*, 626 Fed. Appx. 528 (5th Cir. 2015) ("Even if we assume Guth sufficiently pleaded facts showing unnecessary double billings by Roedel Parsons, we find no error in the district court's reasoning for dismissing Guth's reverse false claim for failing to plead a plausible claim under § 3729(a)(1)(G).").

Because Relator has failed to plead his (a)(1)(G) claim with particularity, and because his (a)(1)(G) claim is improper, the claim should be dismissed with prejudice.

**D.      Relator Failed to State a Section (a)(1)(C) Conspiracy Claim Under 12(b)(6) & 9(b).**

Relator's FCA conspiracy claim must be dismissed, because the First Amended Complaint lacks any factual allegations of an unlawful agreement entered into by CHI-St. Luke's to procure false claims paid by Medicare or Medicaid, and Relator has not alleged or identified any overt act performed in furtherance of any such agreement. *See Grubbs*, 565 F.3d at 193 (to state an FCA conspiracy claim, "a relator 'must show (1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by [the Government] and

(2) at least one act performed in furtherance of that agreement'"); *see also Elliott v. Tilton*, 89 F.3d 260, 265 (5th Cir. 1996) (To establish civil conspiracy, "a meeting of the minds of two or more persons on the object or course of action" must be shown and proven).

Relator's only allegations in support of its conspiracy claim are conclusory and do not even include the above elements of a conspiracy claim. *See* First Amended Petition, ¶ 218.  But even with the proper elements, such a conclusory allegation would be insufficient to state an FCA conspiracy claim. *See Dekort*, 705 F. Supp. 2d at 548 ("Absent this conclusory pleading, which is merely a formulaic recitation of the legal elements of conspiracy, the Court finds no allegations regarding an unlawful agreement among alleged coconspirators, nor allegations of any overt acts taken in furtherance of a conspiracy.").

A plaintiff pleading an FCA conspiracy must plead with particularity the conspiracy and the overt acts taken in furtherance thereof. *Grubbs*, 565. F.3d at 193.  Here, Relator has not pled that two or more people have conspired, nor has Relator pled any overt acts taken in furtherance of the conspiracy. *Id.* at 193.  Thus, Relator's allegations, at most, suggest that Leachman Cardiology failed to stop improper conduct by CHI-St. Luke's; such allegations, however, are insufficient as a matter of law to state a conspiracy claim, much less one governed by Rule 9(b). *See U.S. ex rel. Becker v. Tools & Metals, Inc.*, No. 3:05-CV-0627-L, 2009 WL 855651, at *10 (N.D. Tex. Mar. 31, 2009) (Appendix "D") ("[T]hese allegations at most allege that Linda Loehr failed to take action to stop Loftis; there is simply nothing in the Complaint that states a basis for a claim against her for being part of an unlawful agreement to defraud the government.").

Accordingly, Relator's FCA conspiracy claim against Leachman Cardiology should be dismissed with prejudice.

**E.      The FCA's 6-Year Statute of Limitations Bars Claims Prior to January 12, 2012.**

The FCA's six-year statute of limitations requires dismissal of any of Relator's claims that arose before January 12, 2012.  The FCA bars claims brought "more than 6 years after the date on which the violation of [the FCA] is committed." 31 U.S.C. § 3731(b)(1); *U.S. ex rel. Jackson v. Univ. of N. Tex.*, 673 F. Appx. 384, 387 (5th Cir. 2016) ("[*Q*]*ui tam* FCA actions are governed by the limitations period found in § 3731(b)(1) when the government declines to intervene, as it did here.").  The limitations period starts when a false claim is submitted. *See Smith v. U.S.*, 287 F.2d 299, 304 (5th Cir. 1961).  Because Relator filed his complaint on January 12, 2018, this Court should dismiss the First Amended Complaint as to any allegedly false claims submitted before January 12, 2012.

**F.      Relator's State Fraud and Unjust Enrichment Counts Should Also Be Dismissed.**

Relator's failure to state a claim under the FCA for failure to allege a plausible AKS or Star violation also constitutes a failure to state a claim under the various state false claims act statutes, cited by Relator, which are based on the FCA.  Relator's state causes of action are equally subject to the pleading requirements of Rule 9(b).  *See, e.g., United States ex rel. Foster v. Bristol-Meyers Squibb Co.,* 587 F. Supp. 2d 805, 827 (E.D. Tex. 2008).  Moreover, the FCA claims fail (for the reasons described above), and Relator has not alleged any facts that would support supplemental jurisdiction over Relator's state law claims.  *Id.* at 587 F. Supp. 2d at 828 ("[T]he 'general rule' in the Fifth Circuit is to decline to exercise jurisdiction over pendent state law claims when all federal claims are eliminated from a case before trial.").  Likewise, because Relator's FCA claims fail, so does Relator's "unjust enrichment" claim.

# VI.
## CONCLUSION AND PRAYER

For the foregoing reasons, Leachman Cardiology Associates, Zvonimir Krajcer, M.D., Dewitt Leachman, M.D. and Alberto Lopez, M.D. respectfully request that the Court enter an order dismissing Relator's claims with prejudice and grant Leachman Cardiology any other and further relief that this Court deems just and proper at law or in equity, including costs, attorney's fees, and other appropriate relief.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
301 Congress Avenue, Suite 1700
Austin, Texas  78701
(512) 472-0288
(512) 472-9260 Facsimile

By: */s/R. Chad Geisler*_____
R. Chad Geisler
Texas Bar No. 00793793
SD#: 20443
cgeisler@germer.com

**ATTORNEYS FOR DEFENDANTS
LEACHMAN CARDIOLOGY ASSOCIATES,
ZVONIMIR KRAJCER, M.D.,
DEWITT LEACHMAN, M.D., AND
ALBERTO LOPEZ, M.D.**

## CERTIFICATE OF CONFERENCE

I hereby certify that the moving parties, Leachman Cardiology Associates and its named physicians, attempted to confer with Relator through his attorney, Ruth Brown, on March 29, 2019 at 10:29 a.m., regarding dismissal, but did not receive a response.

By: */s/R. Chad Geisler*_____
R. Chad Geisler

-18-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 9th day of April 2019, I caused to be electronically submitted the foregoing document with the clerk of court for the U.S. District Court Southern District of Texas, Houston Division using the electronic case files system of the Court.  I hereby certify that I have caused all counsel of record to be electronically served via the Court's CM/ECF system.

By: <u>*/s/R. Chad Geisler*</u>
R. Chad Geisler