**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF | § | CIVIL ACTION NO. |
| AMERICA, the STATE | § | 4:18-cv-00123 |
| OF TEXAS, *ex rel.* | § | |
| HICHEM CHIHI, | § | |
| Plaintiff-Relator, | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| vs. | § | |
| | § | |
| CATHOLIC HEALTH | § | |
| INITIATIVES, et al., | | |
| Defendant. | | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

1.   **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

The parties' conference was held by phone on October 23, 2019, at 1:00 p.m.

Counsel attending for each party are listed below:

Ruth Brown (S.D. Tx. 3355448, IL ARDC 6299187)
Loevy & Loevy
311 N. Aberdeen, 4th Floor
(312) 243-5900 (phone)
(312) 243-5902 (fax)
ruth@loevy.com

*Counsel for Relator Hichem Chihi*

Kevin M Coffey (6303073)
Polsinelli PC

150 N. Riverside Plaza, Ste. 3000
Chicago, IL 60606
kcoffey@polsinelli.com
(312) 819-1900 (phone)
(312) 819-1910 (fax)

*Counsel for Defendants CHI and CHI-St. Luke's Health*

Sara Ann Brinkmann (TX 24069919; SD No. 1287802)
Reed Smith LLP
811 Main St. Suite 1700
Houston, TX 77002
Ph: (713) 469-3647
Fax: (713) 469-3899
sbrinkmann@reedsmith.com

Jessica Christensen
Reed Smith LLP
1301 K. Street, N.W.
Washington, D.C. 20005
jchristensen@reedsmith.com
Ph: (202) 414-9275
Fax: (202) 414-9299

*Counsel for Defendants Baylor College of Medicine, Medcare
Baylor, Marcia Katz, Ramachandra Sista*

Frank N. Luccia
SBN 12664400
SDBN 10384
Lauren M. Virene
SBN 24087980
SDBN 2166180
Luccia Evans LLP
8 Greenway Plaza, Suite 1450
Houston, TX 77046
fnluccia@luccia-evans.com
lvirene@luccia-evans.com
Ph: (713) 629-0002

Fax: (713) 629-0004

*Counsel for Defendants Naveet Singh, Kidney and Hypertension
Consultants, Kidney Associates, Greater Houston
Gastroenterology, and Isaac Raijman*

Wayne Clawater (lead counsel)
Debbie Elmore
Scott, Clawater & Houston, LLP
2727 Allen Parkway, Suite 500
Houston, TX
Ph: (713) 650-6600
Fax: (713) 599-1999

*Counsel for Defendants James Livesay and Surgical Associates of
Texas*

John P. Scott (Lead counsel; TX 17901900)
Avril De Guzman (TX 24045963)
Scott, Clawater & Houston, LLP
2727 Allen Parkway, Suite 500
Houston, TX 77019
jscott@schlawyers.com
Ph: (713) 650-6600
Fax: (713) 579-1599

*Counsel for Defendants Pulmonary Critical Care and Sleep
Medicine Consultants, Inc., Carl Dahlberg, Alberto Colomer, Jose
Santacruz, and Andre Mesa*

Ryan D. Wozny (TX 24045265)
Megan Nguyen (TX 24092899)
Quintairos, Prieto, Wood and Boyer, PA
1700 Pacific Avenue, Suite 4545
Dallas, TX 75201
Ph: (214) 754-8755

*Counsel for Defendants Houston Thyroid & Endocrine Spine
Specialists, Fareed Elhaj, Medhavi Jogi, Lazaro Cherem, and*

*Brian Douglas*

Thomas H. Barnard (PHV) (27488)
Baker, Donelson, et. al.
100 Light St.
Baltimore, MD 21201
tbarnard@bakerdonelson.com
Ph: 410-862-1185

Nicole Danielle Berkowitz (PHV) (67951)
Baker, Donelson, et al.
165 Madison Ave, Suite 2000
Memphis, TN 38103
nberkowitz@bakerdonelson.com
Ph: 901-577-8166

*Counsel for Defendant Apnix*

Christopher D. DeMeo (TX 00796456, S.D. No. 25295)
Kay J. Hazelwood (TX 9310450)
Seyfarth Shaw LLP
700 Milam, Suite 1400
Houston, TX 77002
cdemeo@seyfarth.com
Ph: (713) 225-0292

*Counsel for Defendant Bone and Joint Clinic of Houston*

**2. List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

The parties are not aware of any other cases that may be related to this one that are pending in any state or federal court

**3. Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

**<u>Relator's Statement of the Case:</u>**

Relator Hichem Chihi brings this qui tam action on behalf of the United States and the State of Texas, alleging that "Hospital Defendants" Catholic Health Initiatives and CHI-St. Luke's Health offered financial incentives to various physicians and medical practices in the greater Houston area to induce Medicare and Medicaid referrals back to their hospital, Baylor St. Luke's Medical Center.

Relator alleges that the Anti-Kickback Statute and Stark Act place limits on the remuneration that hospitals can provide to physician referral sources, in order to protect patients, avoid overutilization, lower healthcare costs, and maintain the integrity of federal health care programs.  Relator alleges that the Hospital Defendants misused their International Services Department as an end-run around these laws, providing their physician referral sources with four categories of illegal remuneration: lucrative referrals of full-paying international patients; free scheduling, billing, and collection administrative services; free interpreters; and, in some cases, free luxurious international travel. Relator contends that the Hospital Defendants provided this remuneration at least in part to induce Medicaid and Medicare business back to Baylor St. Luke's Medical Center. In return, Relator alleges, the Hospital Defendants received referrals for vast numbers of Medicare and Medicaid patients and went on to defraud the government by billing for those ill-gotten referrals in violation of the federal False Claims Act and Texas Medicaid Fraud Prevention Act.

Relator also asserts claims against the "Defendant Referring Physicians"—physicians and medical practices that, Relator alleges, knowingly and willfully caused False Claims Act and Texas Medicaid Fraud Prevention Act violations through their participation in this scheme.  Relator alleges that the Defendant Referring Physicians knew the Anti-Kickback Statute and Stark Law prohibited hospitals from providing illegal remuneration to their referral sources to induce referrals; were themselves required to certify familiarity and compliance with those laws

when billing for their own patients; had received specific notice from the government of the risk that hospitals would seek to gift them with illegal remuneration, such as in-kind administrative assistance, to induce referrals; nonetheless accepted valuable illegal remuneration from the Hospital Defendants structured outside of the permissible safe harbors of the Anti-Kickback Statute and Stark Law; accepted the remuneration even though it was provided in such copious amounts that made it obvious the Hospital Defendants were trying to curry favor; and chose to refer their patients to Baylor St. Luke's Medical Center rather than other area hospitals, even as other physicians declined to participate in the scheme.

**<u>Defendants' Statement of the Case</u>:**

The International Services Department ("ISD") at the heart of this case is a patient-focused group responsible for attracting foreign individuals in need of medical treatment to Baylor St. Luke's Medical Center (owned by Catholic Health Initiatives and CHI-St. Luke's Health, collectively the "CHI Defendants"). The patient-support services provided by the ISD do not constitute remuneration to physicians or providers, including the Defendant providers, and do not violate the Anti-Kickback Statute or Stark Law or form the basis of a False Claims Act violation. Defendants contend that the ISD makes referral decisions based on appropriate considerations such as physician availability, expertise, accepted insurance, and prior experience with a physician's treatment of international patients. Likewise, the non-CHI Defendants deny receiving any remuneration in exchange for making any referrals to CHI and/or Baylor St. Luke's Medical Center, and assert that they make referral decisions based on appropriate considerations such as patient preference, location, facility quality and availability, and accepted insurance. Defendants deny all of Relator's allegations and have moved to dismiss the First Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

Relator asserts that the Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331 and § 1345. Relator brings claims pursuant to the federal False Claims Act, 31 U.S.C. §§ 3729-3732 (jurisdiction includes under 31 U.S.C. § 3730(b) and § 3732(a)). Relator also asserts claims pursuant to the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.002, *et seq.*, which fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1361.

Defendants do not challenge Relator's jurisdictional allegations at this time.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

The parties are currently unaware of any additional parties that should be included.

6. **List any anticipated interventions. Briefly explain why.**

The parties are currently unaware of any anticipated interventions.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

The parties are not aware of any class-action issues.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

Pursuant to the pending motion to stay discovery, the Parties have not exchanged the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A).

**Relator's Position:**  For the reasons set forth by Relator in paragraph 10 and Dkt. 190, Relator believes discovery should

proceed and proposes that the Parties exchange initial disclosures, and all documents referenced in those disclosures, within 21 days.

**Defendants' Position:**  For the reasons set forth by Defendants in response to paragraph 10, Defendants object to the exchange of initial disclosures and any corresponding documents during the pendency of the various motions to stay discovery and dispositive motions to dismiss filed in this matter.

9.      **Apart from initial disclosures, specify other discovery served or accomplished to date.**

The Parties have not served or accomplished any discovery to date.

10.      **Describe the proposed agreed discovery plan. At a minimum, include:**

**Relator's Position**:  Relator asks this Court to permit discovery to proceed and deny Defendants' motion for a blanket discovery stay to avoid prejudice to Relator and the Government from the delay and fading of memories and loss of documents that will inevitably result from a discovery stay. *See* Dkt. 190 (Relator's response). The federal rules contemplate that discovery will proceed pending resolution of motions to dismiss and Defendants have shown no special circumstances justifying a departure from ordinary litigation practice.

The parties' central dispute turns on a *factual* matter: whether, as Relator alleges, the flow of remuneration from the Hospital Defendants to the Defendant Referring Physicians was provided at least in part to induce Medicare and Medicaid referrals, or whether, as Defendants claim, provided solely for appropriate purposes. Defendants are not entitled to dismissal at the pleading stage. *See, e.g.,* Dkt. 187 (Relator's response to motions to dismiss); Dkt. 195. Relator has already streamlined his case to cover four circumscribed categories of illegal remuneration, all closely tethered to the International Services Department, against a list of Defendants whose involvement he has detailed at length. Relator has filed a proposed Second Amended Complaint that

sets forth in even more detail Defendants' remuneration-for-referrals scheme and each Defendant's involvement. Dkt. 195 at ¶¶ 23-39 and 184-267. Thus, even any dismissal of a minor claim or party is unlikely to meaningfully curtail the body of documents and depositions subject to discovery.

This is not a case appropriate for exercise of any gatekeeping authority. Dkt. 190 at 10-13. Relator is not engaging into a fishing expedition for unknown misconduct; he has already identified the four categories of illegal remuneration, complete with numerous examples of each. Dkt. 195 at ¶¶ 184-267. Nor are his allegations frivolous, as the State of Texas's Statement of Interest and Relator's pleadings attest. Dkts. 204, 195. The Court should permit discovery to proceed avoid prejudice to Relator and the Government; determine whether the facts, as alleged, are true; and promote the speedy and just resolution of the case.

**Defendants' Position:**  On April 19, 2019, the CHI Defendants, with the concurrence of each of their co-Defendants, filed a Motion to Stay Discovery Pending Resolution of the Defendants' Motions to Dismiss.  (Dkt. 182.)  Defendants contend that a stay of discovery pending a ruling on Defendants' motions to dismiss would:  (1) align with the fundamental gatekeeping functions of Rule 12(b)(6) and 9(b); and (2) serve the interests of judicial economy by avoiding expensive, burdensome, and potentially unnecessary discovery, and creating no resulting prejudice to Relator.

In light of Relator's pleading deficiencies (outlined in Defendants' 11 pending motions to dismiss), Defendants' position is that Relator's case will either be disposed of in its entirety or at least substantially curtailed.  Should the Court grant the pending motions to dismiss the First Amended Complaint, but grant Relator leave to amend, Defendants request that the proposed stay of discovery remain in effect until Relator files a complaint that meets the basic pleading standards of Rule 12(b)(6) and 9(b), including until after any motions to dismiss filed in response to any amended complaint are resolved.

Defendants disagree with Relator's proposal to enter a scheduling order governing discovery in this case before the Court rules on Defendants' motions to dismiss the First Amended Complaint. Defendants' position is that it would be premature to decide on discovery deadlines until the Parties know what, if any, claims will survive dismissal. Defendants propose that the Parties confer to jointly offer a discovery plan with agreed-upon deadlines within 30 days of the Court's decision on the motions to dismiss, if necessary.

Further, the Government filed a notice of declination, and declined to intervene in this case on August 15, 2018. *See* Dkt. 3. Relator does not and cannot speak on behalf of the Government or its position in this case. Moreover, Defendants' object to Relators' reliance on the proposed Second Amended Complaint for a basis to begin discovery, as it is not the operative Complaint.

The parties anticipate that, when discovery commences, they will need written discovery (including electronic discovery), oral discovery, and expert discovery.

Defendant APNIX and Relator are separately coordinating a limited discovery plan with an eye toward resolution of all claims against APNIX.

> a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**
>
> **Relator's Proposal:** Regarding electronic discovery, when ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties agree that ESI will be produced in its native format, if feasible, or in any other format, including searchable PDF, if the parties so agree. The parties agree to confer in good faith about any disputes regarding the

format of production of electronically stored information and the requesting party shall be able to move the Court for an order should the parties not be able to reach agreement.

The parties agree to communicate and cooperate to identify the volume, form, and location of ESI responsive to discovery requests or subject to mandatory disclosure; to identify appropriate search and retrieval parameters and techniques (such as search terms, date ranges, and custodians); and to refine search and retrieval parameters to improve their effectiveness and efficiency. The parties agree to confer in good faith about any disputes regarding the production of electronically stored information and the requesting party shall be able to move the Court for an order should the parties not be able to reach agreement.

**Defendants' Position:**  Defendants are not opposed to Relator's proposal as outlined above.

**b.    When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

**Relator's Proposal:** Relator anticipates that he will send interrogatories to all Defendants, and that he will do so within 30 days of Relator's receipt of Defendants' initial disclosures. Relator proposes that the Rule 33 limit on interrogatories (25) is appropriate for discovery issued by Relator to each Defendant Referring Physicians, and asks for leave to tender up to 35 interrogatories to the two Hospital Defendants due to their central role in the case and the need for discovery as to their interactions with the Defendant Referring Physicians.

**Defendants' Position:** Defendants disagree with Relator's Proposal expanding the number of interrogatories he could issue to the Hospital Defendants. Defendants are amenable to discussing the specifics of the

scope of discovery after the pending motions to dismiss are resolved.  This will allow the Parties to assess the Defendants that may be remaining and the claims that survive in the case, if any.  Any proposals or agreements made now are premature and would likely need to be modified after rulings on the pending motions are entered.

    **c.**    **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

**Relator's Proposal**: Due to the number of Defendants in this case (36), application of the Rule 33(a) limit of 25 interrogatories per party would needlessly require Relator to respond to up to 900 interrogatories. Relator instead proposes that Defendants collectively serve upon Relator 25 joint interrogatories, plus an additional 5 interrogatories per Defendant, for a total of 205 interrogatories.

**Defendants' Position:** Defendants assert that it would be premature at this time to determine the number or timing of interrogatories needed by any remaining Defendant until the Parties know what, if any, claims will survive dismissal.  For the reasons stated above, Defendants propose that the Parties confer to jointly offer a discovery plan with agreed-upon deadlines within 30 days of the Court's decision on the motions to dismiss, if necessary.

Defendants disagree with Relator's Proposal limiting the number of interrogatories Defendants can serve. Defendants are amenable to discussing the number of interrogatories that can be served after the pending motions to dismiss are resolved.  This will allow the Parties to assess the Defendants that may be remaining and the claims that survive in the case, if any.  Any proposals or agreements made now are premature and

would likely need to be modified after rulings on the pending motions are entered.

**d.    Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

**Relator's Proposal**: Relator proposes that the presumptive limit of ten depositions per side should be adjusted due to the number of Defendants in the case, the lengthy timespan of the misconduct alleged, the existence of many corporate Defendants who act through multiple agents. Relator proposes that he should be entitled to depose all Defendants, all witnesses disclosed on the Defendants' Rule 26 disclosures, up to twenty-five additional witnesses, and any expert witnesses disclosed by Defendants.

**Defendants' Position:** Defendants disagree with Relator's proposal to expand the number of depositions Relator can take, which Relator proposes should exceed 60 depositions of fact witnesses alone.  This would unduly burden the Parties and is unreasonable.  Defendants are amenable to discussing a mutually agreeable number of depositions allowed for each side after the pending motions to dismiss are resolved.  This will allow the Parties to assess the Defendants that may be remaining and the claims that survive in the case, if any.  Any proposals or agreements made now are premature and would likely need to be modified after rulings on the pending motions are entered.

**e.    Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

**Defendants' Position**: If any claims survive dismissal, any remaining Defendant would anticipate deposing at

least the Relator and any persons listed on Relator's Initial Disclosures who are not current officers, employees or agents of any Defendant, as well as Relator's disclosed experts.  Defendants assert that it would be premature at this time to determine other persons or entities any remaining Defendant may wish to depose.  For the reasons stated above, Defendants propose that the Parties confer to jointly offer a discovery plan with agreed-upon deadlines within 30 days of the Court's decision on the motions to dismiss, if necessary.

**Relator's Position**: Defendants have not put forward a proposal at this time, and thus Relator is unable to respond.

f.     **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

**Relator's Position:** Relator proposes that expert discovery follow fact discovery, with expert discovery to be completed 180 days (6 months) after the close of fact discovery pursuant to the following schedule:

- Relator to disclose expert report(s) 60 days after close of fact discovery

- Defendants to depose Relator's expert(s) 30 days later

- Defendants to disclose expert report(s) 30 days later

- Relator to disclose rebuttal expert report 30 days later

- Relator to depose Defendants' expert(s) 30 days later

14

**Defendants' Position:**  Defendants assert that it would be premature at this time to decide on discovery deadlines until the Parties know what, if any, claims will survive dismissal.  Defendants propose that the Parties confer to jointly offer a discovery plan with agreed-upon deadlines within 30 days of the Court's decision on the motions to dismiss, if necessary.  In any event, Defendants disagree with Relator's expert discovery proposal as outlined here.

g.   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Please see paragraph 10(f).

h.   **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

**Defendants' Position:** If any claims survive dismissal, any remaining Defendant would anticipate deposing the experts disclosed by Relator.  Defendants assert that it would be premature at this time for the Parties to determine when expert depositions will be completed.  For the reasons stated above, Defendants propose that the Parties confer to jointly offer a discovery plan with agreed-upon deadlines within 30 days of the Court's decision on the motions to dismiss, if necessary.

**Relator's Position:** Defendants have not put forward a proposal at this time, and thus Relator is unable to respond.

11.   **State the date by which the parties can reasonably complete the planned discovery.**

**Relator's Position:**  Relator proposes that the parties will need 12 months for fact discovery from the date upon which discovery commences.  Relator proposes that expert discovery follow fact discovery, with expert discovery to be completed 180 days (6 months) after the close of fact discovery.

**Defendants' Position:**   Defendants assert that it would be premature at this time to decide on discovery deadlines and when discovery can reasonably be complete until the Parties know what, if any, claims will survive dismissal.  Defendants propose that the Parties confer to jointly offer a discovery plan with agreed-upon deadlines within 30 days of the Court's decision on the motions to dismiss, if necessary.

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

Refer to paragraphs 10 and 11.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

**Relator's Position:**   Relator is always willing to engage in good faith settlement negotiations.  However, Relator believes that such discussions would be premature and unlikely to secure governmental approval until Relator has an opportunity to conduct some discovery into the scope of Defendants' remuneration-for-referrals scheme.

**Defendants' Position:**   The Defendants engaged in the Rule 26(f) conference in good faith, are willing to engage in good faith settlement negotiations, and will carefully evaluate any settlement demand presented by Relator.  But given the pending motions to dismiss, Defendants are not optimistic about the possibility of a prompt settlement at this point.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

**Relator's Position:** Relator believes that a settlement conference would be premature until Relator has an opportunity to conduct some discovery into the scope of Defendants' remuneration-for-referrals scheme.

**Defendants' Position:**  The Defendants may be willing to engage in a settlement conference at some point after the Court has had an opportunity to rule on the Defendants' dispositive motions to dismiss.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

The parties do not unanimously consent to a trial before a magistrate judge.

16. **Identify any party that has made a jury demand and whether it was timely.**

Relator has made a timely jury demand.

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

**Relator's Position:**  Relator provides a preliminary estimate, at this time, that a trial would last approximately 14 days, subject to revision after the close of fact and expert discovery.

**Defendants' Position:**  Defendants assert that it would be premature to determine the number of hours it will likely take to present evidence at trial until the Parties know what, if any, claims will survive dismissal.  Defendants propose that the Parties confer to jointly offer a determination about the amount of time needed for trial within 30 days of the Court's decision on the motions to dismiss, if necessary.

18. **List pending motions the Court could resolve at the initial pretrial conference.**

   A. <u>Motion to Stay Discovery</u>

   Defendants CHI and CHI-St. Luke's, along with each of the other Defendants, have filed a motion to stay discovery,

which Relator opposes, that has been fully briefed. *See* Dkt. 182 (motion); Dkts. 190 & 199 (Relator's response in opposition and appendix of authorities; Dkt. 210 (Defendants' reply brief).

As discussed above in paragraph 10, the parties dispute whether discovery should commence before or after the Court rules on the substance of Defendants' motions to dismiss.

B.  Motion to Stay Discovery based on Texas Citizens Participation Act

Defendant Bone and Joint Clinic of Houston has filed a motion to stay discovery on the basis of the Texas Citizens Participation Act Statute, which Relator opposes, that has been fully briefed. *See* Dkt. 183 (motion); Dkt. 194 (Relator's response in opposition); and Dkt. 228 (Defendants' reply brief).

Additional briefing on the Texas Citizens Participation Act Statute, as referenced in the above-identified briefs, has been filed at: Dkt. 204 (Statement of Interest of State of Texas); Dkt. 171 at 20-24 (Defendant Bone and Joint Clinic's motion to dismiss); Dkt. 205 at 58-69 (Relator's consolidated response to motions to dismiss); Dkt. 226 (Defendant Bone and Joint Clinic's response to Texas's Statement of Interest).

C.  Motion for Leave to Amend

Relator has filed a motion for leave to amend, along with a proposed amended complaint, which has been fully briefed. *See* Dkt. 191 (motion and proposed second amended complaint, with exhibits); Dkt. 198 (appendix); Dkts. 212, 213, 214, 217, 218, 221, 222, 229, 230, 231 (Defendants' responses in opposition); Dkt. 235 (Relator's reply brief).

D.  Motions to Dismiss

Defendants have filed eleven motions to dismiss, which are fully briefed and pending. *See* Dkts. 163-164, 167-171, 174, 176-177, 179-181 (Defendants' motions to dismiss); Dkt. 205 (Relator's consolidated response in opposition); Dkts. 212, 215, 216, 220, 223, 224, 225, 227, 229, 230 (Defendants' reply briefs).

The State of Texas has filed a Statement of Interest regarding these motions. Dkt. 204. Certain Defendants have filed responses to Texas's Statement of Interest.  Dkts. 211, 219, 226, 232.

**Relator's Position:** For the reasons stated in Relator's motion for leave to amend (Dkts. 191, 235), Relator asked this Court to grant him leave to file his proposed second amended complaint, and deny the eleven motions to dismiss. as moot, subject to reassertion by Defendants on any grounds they believe they still have a basis to raise following amendment. Relator's proposed amended complaint provides Defendants detail about his allegations that they claimed to have needed and addresses Defendants' laundry list of complaints, whether required by pleading standards or not. Relator's amendment will thus facilitate resolution on the merits and serve judicial economy by significantly narrowing the matters in dispute that require the Court's attention. Courts routinely permit amendment for this purpose (Dkt. 191 at 10) and Defendants will suffer no prejudice from merely re-asserting in refiled motions to dismiss any arguments that they believe remain following amendment. Moreover, Defendants fail to show that amendment would be futile. Dkt. 235 at 12-34.

In addition, Relator believes that this Court cannot properly adjudicate the motions to dismiss until it rules on the CHI Defendants' motion to strike certain allegations in Relator's complaint, which, because of a procedural issue upon which the parties seek this Court's guidance below, has not been

fully briefed.

**Defendants' Position:** Defendants ask this Court to deny Relator's proposed amendment and adjudicate their eleven motions to dismiss on the merits. Defendants expended considerable time and resources preparing the pending motions. Defendants have argued that Relator should not be able to exploit Defendants' efforts and use the motions as a roadmap to remedy the defects in his First Amended Complaint, particularly after he already used one opportunity to amend his original Complaint by making just a few insignificant changes. Defendants believe that despite having the benefit of Defendants' motions to dismiss, Relator's proposed Second Amended Complaint still fails to state a claim for relief with sufficient particularity, as required by Rules 12(b)(6) and 9(b). Requiring Defendants to file yet another wave of motions to dismiss would waste both the Parties' and Court's resources.

**19.    List other pending motions.**

<u>Motion to Strike and Motion to Seal</u>

The CHI Defendants have filed a motion to strike certain allegations in Relator's first amended complaint (Dkt. 172), along with a motion to seal that motion (Dkt. 173). The motion is not fully briefed, as explained below.

The motion to strike concerns paragraphs 114-120 of Relator's amended complaint (paragraphs 168-174 of Relator's proposed second amended complaint), which contain allegations regarding purported anti-kickback violations by the CHI Defendants. The CHI Defendants have asserted an attorney-client privilege claim with regard to these allegations, which Relator disputes. *See*, e.g., Dkt. 53-1. To facilitate the orderly presentation of this dispute to the Court, Relator agreed to file the paragraphs under seal, on a temporary basis (Dkt. 7), and the Court sealed the paragraphs pending resolution of the CHI Defendants' motion to strike (Dkt. 98).

The parties respectfully ask this Court for guidance on how to proceed procedurally with regard to this motion.

**Relator's Position**: Relator believes that the CHI Defendants are required to have long ago served a copy of the motion to strike upon Relator for the reasons set forth in more detail in Dkt. 187, including that prompt service is required pursuant to Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure and Rule 6(D) of the Southern District of Texas's Administrative Procedures for Electronic Filing, and the motion to strike concerns Relator's own allegations in the complaint.

Relator cannot meaningfully respond to the motion to seal without access to the underlying motion to strike. Relator has reason to believe that large parts of the motion to strike should not be filed under seal. The CHI Defendants themselves filed publicly on the docket information about the contents of the motion to strike. Dkt. 53-2 at 1. There is no reason that arguments such as those set forth in Dkt. 53-2 should be maintained under seal.

Relator previously offered to accept service of the motion to strike—which concerns Relator's own allegations in the complaint—on an attorney's-eyes-only basis, but the CHI Defendants declined to serve the motion to strike to Relator on this basis.

**The CHI Defendants' Position**: The CHI Defendants do not believe it is appropriate to serve a copy of a sealed document that contains attorney-client privileged information on any party in the absence of a Court order or some other guidance from the Court. The Court is aware that the motion to strike has been filed under seal and that the CHI Defendants have not yet served the motion to strike on any party.

The Parties previously asked the Court for guidance regarding the appropriate course of action and proper steps for sharing the sealed motion. The CHI Defendants believe that waiting for clear direction from the Court as to this issue in no way prejudices the

Relator, as the Court has not ruled on the CHI Defendants' motion to seal the motion to strike. As such, the CHI Defendants do not believe the clock for responding to the motion to strike has begun to run. In any event, the CHI Defendants expressed to Relator on multiple occasions that they do not oppose any motion for a 10-day extension beyond the normal time allotted to respond to their motion to strike once the Court resolves this procedural issue.

The CHI Defendants also indicated that they would be willing to file an amended proposed order in connection with the CHI Defendants' motion to seal that would: (1) grant the motion to seal; (2) allow the CHI Defendants to share the motion with the Relator as soon as the Order is entered; and (3) grant Relator an additional 10 days (beyond the normal time allotted) to respond to the motion to strike. Relator has not responded to this offer. The CHI Defendants respectfully request the Court's guidance on this issue.

**20. List all other matters that deserve attention of the Court at the initial pretrial conference.**

The Parties are not aware of any other matters that require the Court's attention at the initial pretrial conference.

**21. As an attachment to this joint filing, complete a proposed scheduling and docket control order. Include additional deadlines for completion of pretrial matters where agreed. Clearly indicate any disagreements with reasons in support of the requests made.**

Please see attached proposed scheduling and docket control order.

**Relator's Position**: Relator proposes that the Court should permit discovery to proceed for the reasons set forth in Paragraph 10, above. Relator further proposes that the Court set initial discovery deadlines based on this Joint Discovery and Case Management Plan.

**Defendants' Position**: Defendants assert that it would be premature at this time to decide on discovery deadlines until the Parties know what, if any, claims will survive dismissal. Defendants propose that the Parties confer to jointly offer a discovery plan with agreed-upon deadlines within 30 days of the Court's decision on the motions to dismiss, if necessary.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

All parties have filed their respective Disclosure of Interested Parties forms on dates from October 9-16, 2019.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

Not applicable.

24. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

**Counsel for Relator:**

Michael Kanovitz (pro hac vice) (IL ARDC No. 6275233)
Ruth Brown (S.D. Tx. 3355448; IL ARDC 6299187)
Loevy & Loevy
311 N. Aberdeen, 4th Floor
(312) 243-5900
ruth@loevy.com
mike@loevy.com

Mark Anthony Correro (24045702)
Attorney at Law
2909 Hillcroft, Suite 350
Houston, TX 77057

Ph: 844-836-8664, 713-955-3323
mark@correroleisure.com

**Counsel for Defendants:**

Brian F. McEvoy
Georgia State Bar No. 490845
1201 West Peachtree Street
Atlanta, GA 30309
(404) 253-6021 (Direct)
bmcevoy@polsinelli.com

Asher D. Funk
Illinois State Bar No. 6295022
Federal ID No. 3138175
Kevin M. Coffey
Illinois State Bar No. 6303073
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
(312) 873-3635 (Direct – Asher Funk)
afunk@polsinelli.com
(312) 873-2986 (Direct – Kevin Coffey)
kcoffey@polsinelli.com

Mark S. Armstrong
Texas State Bar No. 01321900
Federal ID No. 219390
1000 Louisiana Street
Suite 6400
Houston, TX 77002
(713) 374-1660 (Direct)
marmstrong@polsinelli.com

*Counsel for Defendants CHI and CHI-St. Luke's Health*

Frederick Robinson (pro hac vice)
D.C. Bar No. 367223
Reed Smith LLP
1301 K Street, N.W.

Suite 1000 – East Tower
Washington, D.C. 20005-3373
Ph:  (212) 414-9200
Fax:  (212) 414-9299
frobinson@reedsmith.com

Sara Ann Brinkmann
TX State Bar No. 24069919
S.D. Texas No. 1287802
Reed Smith LLP
811 Main St. Suite 1700
Houston, TX 77002
Ph: (713) 469-3647
Fax: (713) 469-3899
sbrinkmann@reedsmith.com

*Counsel for Defendants Baylor College of Medicine, Medcare Baylor,*
*Marcia Katz, Ramachandra Sista*

Frank N. Luccia
SBN 12664400
SDBN 10384
Lauren M. Virene
SBN 24087980
SDBN 2166180
Luccia Evans LLP
8 Greenway Plaza, Suite 1450
Houston, TX 77046
fnluccia@luccia-evans.com
lvirene@luccia-evans.com
Ph: (713) 629-0002
Fax: (713) 629-0004

*Counsel for Defendants Naveet Singh, Kidney and Hypertension*
*Consultants, Kidney Associates, Greater Houston Gastroenterology, and*
*Isaac Raijman*

Wayne Clawater (attorney-in-charge)
TX Bar No. 04328500

Debbie Elmore
Scott, Clawater & Houston, LLP
2727 Allen Parkway, Suite 500
Houston, TX
Ph: (713) 650-6600
Fax: (713) 599-1999

*Counsel for Defendants James Livesay and Surgical Associates of Texas*

John P. Scott (Lead counsel; TX 17901900)
Avril De Guzman (TX 24045963)
Scott, Clawater & Houston, LLP
2727 Allen Parkway, Suite 500
Houston, TX 77019
jscott@schlawyers.com
Ph: (713) 650-6600
Fax: (713) 579-1599

*Counsel for Defendants Pulmonary Critical Care and Sleep Medicine Consultants, Inc., Carl Dahlberg, Alberto Colomer, Jose Santacruz, and Andre Mesa*

Ryan D. Wozny (TX 24045265)
Megan Nguyen (TX 24092899)
Quintairos, Prieto, Wood and Boyer, PA
1700 Pacific Avenue, Suite 4545
Dallas, TX 75201
Ph: (214) 754-8755

*Counsel for Defendants Houston Thyroid & Endocrine Spine Specialists, Fareed Elhaj, Medhavi Jogi, Lazaro Cherem, and Brian Douglas*

Thomas H. Barnard (PHV) (27488)
Baker, Donelson, et. al.
100 Light St.
Baltimore, MD 21201
tbarnard@bakerdonelson.com
Ph: 410-862-1185

*Counsel for Defendant Apnix*

Nicole Danielle Berkowitz (PHV) (67951)
Baker, Donelson, et al.
165 Madison Ave, Suite 2000
Memphis, TN 38103
nberkowitz@bakerdonelson.com
Ph: 901-577-8166

*Counsel for Defendant Apnix*

Christopher D. DeMeo
TBN 796456, SDN 25295
Kay J. Hazelwood
TBN 9310450
Seyfarth Shaw LLP
700 Milam, Suite 1400
Houston, TX 77002
cdemeo@seyfarth.com
Ph: (713) 225-0292

*Counsel for Defendant Bone and Joint Clinic of Houston*

Sam Houston
Cynthia Freeman
Scott, Clawater & Houston, LLP
2727 Allen Parkway, Suite 500
Houston, TX
shouston@schlawyers.com
Ph: (713) 650-6600
Fax: (713) 599-1999

*Counsel for Defendants Alan Hoffman, M.D., Irving Fishman, M.D.,
Cristina Boccalandro, M.D., Texas Endocrinology Group, P.A., Ron
Moses, M.D., Richard Hung, M.D. and The Center for ENT*

                    Respectfully submitted,

| | |
|---|---|
| <u>November 26, 2019</u><br>Date | */s/ Ruth Brown*<br>Ruth Brown (S.D. Tx. No. 3355448,<br>IL ARDC No. 6299187)<br>Michael Kanovitz (PHV0 (IL<br>ARDC No. 6275233)<br>Loevy & Loevy<br>311 N. Aberdeen, 3rd Floor<br>Chicago, Illinois 60607<br>312.243.5900 (Telephone)<br>312.243.5902 (Facsimile) |

Mark A. Correro
Lance Leisure
Correro & Leisure, P.C.
2909 Hillcroft Avenue,
Suite 350
Houston, Texas 77057
888.508.1292 (Telephone)
888.508.1293 (Facsimile)

*Counsel for Relator*

| | |
|---|---|
| <u>November 26, 2019</u><br>Date | */s/ Kevin M. Coffey*<br>Kevin M. Coffey<br>Illinois State Bar No. 6303073<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL 60606<br>(312) 873-2986 (Direct)<br>kcoffey@polsinelli.com |

*Counsel for Defendants CHI and CHI-
St. Luke's Health*

| | |
|---|---|
| <u>November 26, 2019</u><br>Date | */s/ Frederick Robinson*<br>Frederick Robinson (pro hac vice)<br>DC Bar No. 367223<br>Reed Smith LLP<br>1301 K Street, N.W.<br>Suite 1000 – East Tower |

Washington, D.C. 20005-3373
Ph:  (212) 414-9200
Fax:  (212) 414-9299
frobinson@reedsmith.com

Sara Ann Brinkmann
TX State Bar No. 24069919
S.D. Texas No. 1287802
Reed Smith LLP
811 Main St. Suite 1700
Houston, TX 77002
Ph: (713) 469-3647
Fax: (713) 469-3899
sbrinkmann@reedsmith.com

*Counsel for Defendants Baylor College of Medicine, Medcare Baylor, Marcia Katz, Ramachandra Sista*

November 26, 2019          /s/ Frank N. Luccia
Date                                      Frank N. Luccia
                                               SBN 12664400
                                               SDBN 10384
                                               Lauren M. Virene
                                               SBN 24087980
                                               SDBN 2166180
                                               Luccia Evans LLP
                                               8 Greenway Plaza, Suite 1450
                                               Houston, TX 77046
                                               fnluccia@luccia-evans.com
                                               lvirene@luccia-evans.com
                                               Ph: (713) 629-0002
                                               Fax: (713) 629-0004

*Counsel for Defendants Naveet Singh, Kidney and Hypertension Consultants, Kidney Associates, Greater Houston Gastroenterology, and Isaac Raijman*

November 26, 2019    */s/ Wayne Clawater*
Date                 Wayne Clawater (lead counsel)
                     TX Bar No. 04328500
                     Debbie Elmore
                     Scott, Clawater & Houston, LLP
                     2727 Allen Parkway, Suite 500
                     Houston, TX
                     Ph: (713) 650-6600
                     Fax: (713) 599-1999

                     *Counsel for Defendants James Livesay
                     and Surgical Associates of Texas*

November 26, 2019    */s/ John P. Scott*
Date                 John P. Scott (TX 17901900)
                     Avril De Guzman (TX 24045963)
                     Scott, Clawater & Houston, LLP
                     2727 Allen Parkway, Suite 500
                     Houston, TX
                     jscott@schlawyers.com
                     Ph: (713) 650-6600
                     Fax: (713) 599-1999

                     *Counsel for Defendants Pulmonary
                     Critical Care and Sleep Medicine
                     Consultants, Inc., Carl Dahlberg,
                     Alberto Colomer, Jose Santacruz, and
                     Andre Mesa*

November 26, 2019    */s/ Ryan D. Wozny*
Date                 Ryan D. Wozny (TX 24045265)
                     Megan Nguyen ((TX 24092899)
                     Quintairos, Prieto, Wood and
                     Boyer, PA
                     1700 Pacific Avenue, Suite 4545
                     Dallas, TX 75201
                     Ph: (214) 754-8755

*Counsel for Defendants Houston Thyroid & Endocrine Spine Specialists, Fareed Elhaj, Medhavi Jogi, Lazaro Cherem, and Brian Douglas*

November 26, 2019
Date

/s/ *Thomas H. Barnard*
Thomas H. Barnard (PHV) (27488)
Baker, Donelson, et al.
100 Light St.
Baltimore, MD 21201
tbarnard@bakerdonelson.com
Ph: 410-862-1185

*Counsel for Defendant Apnix*

November 26, 2019
Date

/s/ *Christopher D. DeMeo*
Christopher D. DeMeo
TBN 796456, SDN 25295
Kay J. Hazelwood
TBN 9310450
Seyfarth Shaw LLP
700 Milam, Suite 1400
Houston, TX 77002
cdemeo@seyfarth.com
Ph: (713) 225-0292

*Counsel for Defendant Bone and Joint Clinic of Houston*

November 26, 2019
Date

/s/ *Sam Houston*
Sam Houston
Cynthia Freeman
Scott, Clawater & Houston, LLP
2727 Allen Parkway, Suite 500
Houston, TX
shouston@schlawyers.com
Ph: (713) 650-6600
Fax: (713) 599-1999

*Counsel for Defendants Alan Hoffman, M.D., Irving Fishman, M.D., Cristina Boccalandro, M.D., Texas Endocrinology Group, P.A., Ron Moses, M.D., Richard Hung, M.D. and The Center for ENT*

## **CERTIFICATE OF SERVICE**

I, Sara Ann Brinkmann, an attorney, hereby certify that I filed the foregoing Joint Discovery/Case Management Plan via the Court's CM/ECF system on November 26, 2019, thereby effecting service upon all counsel of record.

*/s/ Sara Ann Brinkmann*
Sara Ann Brinkmann