# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, the STATE OF TEXAS, *ex rel*. HICHEM CHIHI, | ) ) ) | |
| | ) | Civil Action No. 4:18-cv-00123 |
| Plaintiff-Relator, | ) | |
| | ) | |
| v. | ) | Honorable Charles Eskridge |
| | ) | |
| CATHOLIC HEALTH INITIATIVES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## RELATOR'S RESPONSE IN OPPOSITION TO
## <u>DEFENDANTS' MOTION TO STRIKE (Dkt. 258-1)</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION .......................................................................................................... 1

STATEMENT OF FACTS AND PROCEEDINGS ........................................................ 2

APPLICABLE LAW ..................................................................................................... 3

LEGAL STANDARD ................................................................................................... 3

ARGUMENT AND CITATION OF AUTHORITY ...................................................... 4

I.      The Hospital Defendants' assertion of privilege does not satisfy the Fifth Circuit's
        requirements. ..................................................................................................... 5

        A.      Defendants fail to proffer affirmative evidence of each element of the
                privilege. ................................................................................................. 5

        B.      Defendants fail to particularize their assertion of the privilege. ................... 8

II.     Defendants do not satisfy their burden to demonstrate that any of the disputed
        paragraphs contain privileged information............................................................ 9

        A.      Paragraphs 168-171 of the 2AC (Paragraphs 114-117 of 1AC) ................... 9

        B.      Paragraph 172-173 of the 2AC (Paragraphs 118-119 of the 1AC)............. 14

        C.      Paragraph 174 of the 2AC (Paragraph 120 of the 1AC) ............................ 16

CONCLUSION ........................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Alpert v. Riley*, 267 F.R.D. 202 (S.D. Tex. 2010) .............................................................. 3

*E.E.O.C. v. BDO USA*, 876 F.3d 690 (5th Cir. 2017) ............................................. *passim*

*E.E.O.C. v. Texas Ear, Nose & Throat Consultants, P.L.L.C.*,
    No. CIV.A. H-05-3374, 2006 WL 626309, at *1-2 (S.D. Tex. Mar. 10, 2006) ... 14

*Fisher v. United States*, 425 U.S. 391 (1976)............................................................. 4, 16

*Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617 (W.D. Tex. 2005)......................... 3

*Hodges, Grant & Kaufmann v. United States*, 768 F .2d 719 (5th Cir. 1985) .................. 4

*Jaffee v. Redmond*, 518 U.S. 1 (1996) .......................................................................... 3

*King v. University Healthcare System, L.C.*, 645 F.3d 713 (5th Cir. 2011)....................... 6

*Nat'l Sec. Counselors v. C.I.A.*, 960 F. Supp. 2d 101 (D.D.C. 2013)........................ 12, 13

*Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467 (N.D. Tex. 2004) ........... 6, 10, 13

*Sims v. Roux Laboratories, Inc.*,
    No. CIV.A. 06-10454, 2007 WL 2571941 (E.D. La. Aug. 31, 2007)............. 14, 16

*Todd v. STAAR Surgical Co.*,
    No. CV1405263MWFRZX, 2015 WL 13388227 (C.D. Cal. Aug. 21, 2015) ........ 7

*U.S. ex rel. Gale v. Omnicare, Inc.*, 2013 WL 5525697 (N.D. Ohio 2013)............... 10, 12

*U.S. ex rel. Schaengold v. Memorial Health, Inc.*, 2014 WL 5767042 (S.D. Ga. 2014) . *13*

*United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982) ......................... 6, 7, 8, 12, 14

*United States v. Kelly*, 569 F.2d 928 (5th Cir. 1978) ........................................................ 6

*United States v. Robinson,* 121 F.3d 971 (5th Cir. 1997)........................................ 3, 4, 16

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ..................................................... 7, 15

*Willy v. Administrative Review Bd.*, 423 F.3d 483 (5th Cir. 2005) ...................................... 3

## Rules

Fed. R. Evid. 501 ............................................................................................................. 3

S.D. Tex. Local Rule 7.7 .................................................................................................. 7

# INTRODUCTION

Paragraphs 168-174 of Relator's Second Amended Complaint contain evidence of False Claims Act violations by Catholic Health Initiatives and CHI-St. Luke's (the "Hospital Defendants"). These allegations describe non-confidential business meetings, reports of wrongdoing, and communications that do not include attorneys—none of which qualify for the attorney-client privilege that Hospital Defendants seek to invoke.

Fifth Circuit precedent prohibits the Hospital Defendants from neutralizing these damning allegations by making an unsupported claim to attorney-client privilege. Although the Hospital Defendants have been on notice of these allegations for over a year, Hospital Defendants offer absolutely no evidence in support of their privilege claim. Controlling Fifth Circuit law makes clear that Hospital Defendants cannot carry their burden through argument alone.

Further, the Fifth Circuit requires that Hospital Defendants establish their privilege claim as to each communication at issue, especially in case like this one where the communications are dissimilar. Hospital Defendants have not done so, instead arguing generally without discussing each of the communications.

Finally, examination of the disputed communications reveals them to be unprivileged. The only evidence before this Court is Relator's allegations. Those allegations indicate that the communications in question were not confidential and were not for the purpose of receiving or giving legal advice. In short, the Hospital Defendants fall far short of satisfying their burden to establish privilege over each communication. Their motion to strike must therefore be denied.

## STATEMENT OF FACTS AND PROCEEDINGS

Relator's initial complaint included in Paragraphs 110-116 information regarding alleged anti-kickback violations by the Hospital Defendants, including allegations that they knowingly provided remuneration to physicians that Hospital Defendants knew was disallowed by the Anti-Kickback Act and Stark law. After Relator's complaint was unsealed, these Defendants informed Relator, through his counsel, that they intended to present an attorney-client privilege claim with regard to that information. Relator disputed that the paragraphs contained privileged information. Relator provided the Hospital Defendants with the basis for his disagreement, along with supporting authority, to which the Hospital Defendants did not substantively respond. Exh. A, Email Correspondence, at 1-2. To accommodate the orderly presentation of the Hospital Defendants' privilege claim, Relator offered to, and did, file the contested paragraphs under seal to facilitate the orderly presentation of the parties' dispute for the Court's adjudication. Exh. A at 1.

Relator reasserted the disputed allegations, in more detail, in paragraphs 114-120 of his first amended complaint ("1AC"), voluntarily filing them under seal to accommodate adjudication of the parties' dispute. *See* Dkt. 7 (Relator's motion to seal). Likewise, upon filing his second amended complaint ("2AC"), Relator informed the Hospital Defendants in advance and, once again, voluntarily filed the disputed paragraphs (identical to those in the 1AC) under seal. Dkt. 193 (Relator's motion to seal).

Relator sought discovery, informing the Hospital Defendants that adjudication of the disputed privilege issue would require discovery, but the Hospital Defendants refused

any bilateral discovery. Exh. A at 1-2. Instead, the Hospital Defendants took the position that Relator's allegations "facially" established an entitlement to privilege, and went forward with their motion to strike without discovery. Dkt. 258-1, at 1.

The Hospital Defendants filed their motion to strike without attaching proof of any kind, such as affidavits, documents, or sworn testimony. Dkt. 258-1. As set forth below, the Hospital Defendants fail to meet their burden to establish any entitlement to privilege.

## APPLICABLE LAW

The contested paragraphs bear on Relator's federal and state law claims. Federal common law guides the privilege analysis on the federal claims. *Alpert v. Riley*, 267 F.R.D. 202, 207-08 (S.D. Tex. 2010) (citing *Willy v. Administrative Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005)). However, Federal Rule of Evidence 501 states that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. The Supreme Court and Fifth Circuit have not yet clarified which law of privilege applies in federal question cases that also assert state law claims adjudicated pursuant to the federal court's supplemental jurisdiction. *See, e.g.*, *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005); *Alpert v. Riley*, 267 F.R.D. 202, 207-08 (S.D. Tex. 2010); *Jaffee v. Redmond*, 518 U.S. 1, 17 n.15 (1996). To streamline consideration of the issues presented here, however, Relator agrees with Defendants that federal common law governs the dispute.

## LEGAL STANDARD

As the Hospital Defendants concede, they bear the burden of establishing each element of the attorney-client privilege. Dkt. 258-1 at 5 (quoting *United States v.*

3

*Robinson,* 121 F.3d 971, 974 (5th Cir. 1997)); *see also Hodges, Grant & Kaufmann v.*

*United States*, 768 F .2d 719, 721 (5th Cir. 1985). "For a communication to be protected

under the privilege, the proponent 'must prove: (1) that he made a confidential

communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of

securing either a legal opinion or legal services, or assistance in some legal proceeding.'"

*E.E.O.C. v. BDO USA*, 876 F.3d 690, 695-98 (5th Cir. 2017) (quoting *Robinson*, 121

F.3d at 974). "Determining the applicability of the privilege is a 'highly fact-specific'

inquiry." *E.E.O.C.,* 876 F.3d at 695 (quotation omitted). "Ambiguities as to whether the

elements of a privilege claim have been met are construed against the proponent."

*Id.* "Because the attorney-client privilege 'has the effect of withholding relevant

information from the fact-finder,' it is interpreted narrowly so as to 'appl[y] only where

necessary to achieve its purpose.'" *Id.* (quoting *Robinson*, 121 F.3d at 974; *Fisher v.*

*United States*, 425 U.S. 391, 403 (1976)).

## ARGUMENT AND CITATION OF AUTHORITY

The Hospital Defendants' privilege assertion does not meet Fifth Circuit

requirements because Defendants offer no affirmative proof of disputed elements of the

privilege and fail to particularize their assertion of the privilege. When the disputed

allegations are examined individually, as they must be, it becomes clear that the Hospital

Defendants cannot satisfy their burden to establish privilege over any of allegations.

I.    **The Hospital Defendants' assertion of privilege does not satisfy the Fifth Circuit's requirements.**

A.    **Defendants fail to proffer affirmative evidence of each element of the privilege.**

The Hospital Defendants present no affirmative proof of any essential elements of the privilege, relying solely on Relator's allegations. They refused bilateral discovery on the facts underlying their assertion of the privilege (Exh. A at 1) and decline to present any affidavits, testimony, documentary evidence, or other proof in support of their privilege claim, even though they had advance notice of Relator's disputes (*id.* at 2). The Hospital Defendants are simply incorrect that Relator's allegations, on their face, suffice to meet their burden. *See* Dkt. 258-1. This Court thus need not render a decision on the applicability of the privilege to each contested paragraph because the Hospital Defendants, by failing to provide any proof, fail to provide sufficient information upon which this Court can find in their favor.

Controlling Fifth Circuit precedent directly forecloses the Hospital Defendants' approach. As set forth above, the Fifth Circuit places the burden of proof squarely on privilege claimants and requires that that ambiguities be construed against the privilege claimant. *Supra* at 3-4 (citing, *e.g.*, *E.E.O.C.*, 876 F.3d at 695-98). In addition, the Fifth Circuit mandates that privilege claimants present affirmative proof to establish each element of the privilege, particularly where disputed. For example, in *Equal Employment Opportunity Comm'n*, the Fifth Circuit held that a district court erred when it accepted a party's claim of attorney-client privilege without evidence. 876 F.3d at 695-98. The Court specifically faulted the district court for "inverting the burden of proof" by

"requiring that the [opponent] prove that [the privilege claimant] improperly asserted the attorney-client privilege as to its withheld documents" and also by "concluding that all communications between a corporation's employees and its counsel are *per se* privileged." *Id.* at 697.

In other cases, too, the Fifth Circuit has underscored the importance of affirmative proof of elements of the privilege. *See, e.g.*, *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978) (burden not satisfied, and privilege claim rejected, because claimant presented "no evidence" of one of the essential elements of the privilege); *United States v. El Paso Co.*, 682 F.2d 530, 541-543 (5th Cir. 1982) (privilege claimant must "particularize its assertion of the privilege" and fails to satisfy its burden when it presents "no evidence" of an essential element); *see also Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473-74 (N.D. Tex. 2004) (rejecting claim of privilege where, although proponent offered a declaration in support of its privilege claim, that declaration failed to establish each element of the privilege).[1]

Instead of offering actual evidence such as affidavits or documents, the Hospital Defendants instead attempt to introduce "facts" through the arguments of counsel. For example, the Hospital Defendants assert that ███████████████████████ ████████████████████████████████████████████████████████████ ███████. However, ███████████████████████████████████████

---

[1]      *Cf. King v. University Healthcare System, L.C.*, 645 F.3d 713, 721 (5th Cir. 2011) (decision to recognize privilege rested on a detailed privilege log, depositions, a trial on the merits, and the privilege proponent's decision to redact only privileged portions of documents, with production of the rest).

███████████ are important facts to this Court's analysis. Hospital Defendants cannot offer this Court such argument without actually tendering evidence of those facts. This tactic of evidence-by-argument is especially insufficient where Hospital Defendants refused to actually engage in discovery on the issues. It would be counter to Fifth Circuit law to allow Hospital Defendants to avoid discovery on contested issues such as these and then conclude that their lawyers' arguments carry their burden to offer actual proof.

Defendants cite no authority from any court recognizing application of the attorney-client privilege on such a thin reed. The authority Defendants rely upon, in which courts have recognized a privilege, have rested on evidence, particularly when the parties disagreed over elements of the privilege. *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 394-395 (1981) (discussing detailed factual record supporting privilege claim); *Todd v. STAAR Surgical Co.*, No. CV1405263MWFRZX, 2015 WL 13388227 (C.D. Cal. Aug. 21, 2015) (privilege claim accepted after discovery that included a deposition and production of retention agreements and communications).

There can be no argument that the Hospital Defendants lacked "fair notice" of the obligation to present proof in support of their privilege claim. *El Paso Co.*, 682 F.2d at 541. The Fifth Circuit precedents cited above, including *E.E.O.C.*, 876 F.3d at 695-98, are <u>clear</u>. The Hospital Defendants expressly refused Relator's proposal that the parties conduct bilateral discovery prior to adjudication. Exh. A at 1-2.

Nor are the Hospital Defendants permitted to introduce evidence in their reply brief. Doing so would violate this Court's rules and deprive Relator of an opportunity to respond. *See, e.g.*, S.D. Tex. Local Rule 7.7 ("Supporting Material. If a motion or

response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed with the motion or response."). It would also be profoundly unfair because the Hospital Defendants refused discovery on this topic and Relator has not had any opportunity to conduct such discovery. *See* Exh. A, at 1; Minute Entry of Dec. 5, 2019 (staying discovery).

### B. Defendants fail to particularize their assertion of the privilege.

The Hospital Defendants also contravene controlling Fifth Circuit precedent by making a sweeping, blanket privilege claim over the allegations in Paragraphs 168-174, each of which is unique and therefore requires individualized proof of an applicable privilege. To satisfy its burden, a privilege claimant must "particularize its assertion of the privilege." *El Paso Co.*, 682 F.2d at 541. Privilege claimants have long had "fair notice of the obligation to make [their] privilege claim precise" and the "unacceptability of blanket assertions of the attorney-client privilege." *Id.*

Here, Defendants decline to particularize their privilege claims (Dkt. 258-1, at 5-8), even though Relator previously alerted them to particularized challenges to their claims (Exh. A at 2). Defendants' discussion lumps together all of the disputed paragraphs, regardless of whether they took place ███████████████████████ █████████; were oral or written; included counsel or not; or failed to divulge any communications at all. This impermissible approach further prevents Defendants from meeting their burden, providing yet another reason their motion must be denied.

## II. Defendants do not satisfy their burden to demonstrate that any of the disputed paragraphs contain privileged information.

When the disputed communications are examined individually, as they must be, it becomes clear that the Hospital Defendants cannot satisfy their burden.

### A. Paragraphs 168-171 of the 2AC (Paragraphs 114-117 of 1AC)

Defendants fail to show that Paragraphs 168-171 contain privileged information, and tellingly, fail to cite any authority recognizing the privilege in any factually analogous circumstances, let alone without any supporting evidence.[2] Relator alleges:



---

[2]     This is a deficiency the Court should not permit the Hospital Defendants to remedy on reply, as doing so would deprive Relator of an opportunity to respond.

2AC, at ¶¶ 168-171.

Paragraphs 168 and 169 reference communications ███████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███

Whether a communication contains predominately legal advice must be demonstrated by the proponent of the privilege. *E.E.O.C.*, 876 F.3d at 696. When a corporation employs attorneys for purposes other than the provision of legal advice, ████
████████████████████████████████████, those communications serve a business, rather than legal function. *See U.S. ex rel. Gale v. Omnicare, Inc.*, 2013 WL 5525697 (N.D. Ohio 2013) (proponent of privilege failed to establish privilege over compliance meetings involving attorneys that were held to ensure compliance with contractual requirements, not to secure legal advice for the corporation); *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 476 (N.D. Tex. 2004) (proponent of

privilege failed to establish privilege over meeting between outside counsel and corporate employees because the attorneys may have been used to "impress upon defendants the seriousness with which [the corporation] viewed their actions," which "suggests a business rather than a legal purpose," and the privilege proponent failed to show otherwise). And when "there is a mixed discussion of business and legal advice, courts should consider the context key, ultimately seeking to glean the "manifest purpose" of the communication." *E.E.O.C.*, 876 F.3d at 696 (quotation omitted).



The Hospital Defendants' motion to strike erroneously presumes that all communications made to and from corporate counsel, or in the presence of corporate counsel, or that bear any relationship to corporate counsel, are *per se* privileged, and that Relator needs to prove the contrary. The Hospital Defendants offer no support for this burden-shifting paradigm, which contravenes Fifth Circuit precedents. *See id.* at 695-97;

*see also Gale*, 2013 WL 5525697. "There is no presumption that a company's communications with counsel are privileged" and arguments that require an opponent to disprove the existence of a privilege even when counsel is implicated in a communication "plainly run afoul of well-settled attorney-client privilege principles." *E.E.O.C.*, 876 F.3d at 696. Otherwise, corporations could improperly immunize large swaths of meetings by simply having corporate counsel present.

The communications in question were also not made in confidence or intended to be maintained in confidence, and any privilege was waived ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Confidentiality is a necessary element of a privilege claim that the Hospital Defendants must affirmatively prove. *See El Paso Co.*, 682 F.2d at 538. Even if a corporation subjectively intended for confidentiality (which, of course, is contravened by Relator's allegations), the corporation must still "demonstrate confidentiality in fact." *Nat'l Sec. Counselors v. C.I.A.*, 960 F. Supp. 2d 101, 194 (D.D.C. 2013). ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See supra* at 6-7.

Relator's allegations do not establish confidentiality. ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████████ *Id.* ¶ 168. The court in *U.S. ex rel.*

*Schaengold v. Memorial Health, Inc.*, 2014 WL 5767042 (S.D. Ga. 2014), declined to

strike allegations in a complaint of a corporation's employment of outside counsel to

provide advice on the legality of its compensation arrangement where "most importantly,

Defendants provide[d] the Court nothing showing that any communication was in fact

confidential." *Id.* at *1, 4-5; *see also Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D.

467, 475 (N.D. Tex. 2004) (applying Texas law). The same conclusion is warranted here.

Paragraphs 170 and 171, in turn, also cover non-confidential business

communications, some outside the presence of corporate counsel.█████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ *Nat'l Sec.*

*Counselors v. C.I.A.*, 960 F. Supp. 2d 101, 194 (D.D.C. 2013) ("For example, if an

attorney provided legal advice about a certain matter at a given point in time, and a staff

member separately communicated about that matter at a later point in time, that latter

communication is not privileged . . . [T]o be privileged, the later communication must be

made for the primary purpose of seeking legal advice on that matter."). ███████

██████████████████████████████████████████████ The Hospital

Defendants point to no authority recognizing a privilege under analogous circumstances, nor any supporting evidence to satisfy their burden.

**B.      Paragraph 172-173 of the 2AC (Paragraphs 118-119 of the 1AC)**

Defendants likewise fail to satisfy their burden to demonstrate ████████ ██████████████████████████████████████, was a confidential communication seeking legal advice. Relator alleges:



2AC, at ¶¶ 172-73.

Communications between corporate counsel and "lower echelon employees" are privileged only if "the communications were made to the attorney to assist him in giving legal advice to the client corporation." *El Paso Co.*, 682 F.2d at 538 n.8. ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████



The Hospital Defendants likewise fail to proffer any evidence that the communication was confidential. Contrary to the Hospital Defendants' arguments, the mere fact that the communication ███████████████████████████████████ is plainly insufficient to establish confidentiality. *Robinson*, 121 F.3d at 976 ("It is not enough for the meeting to be between a lawyer and would-be client, or that the meeting take place away from public view."); *E.E.O.C.*, 876 F.3d at 696-97. The privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Sims*, 2007 WL 2571941, at *2 (quoting *Fisher*, 425 U.S. at 403-404). The Hospital Defendants proffer no evidence that Relator intended confidentiality. Nor do they offer evidence that he would not have so communicated without the protection of privilege; ███████████████████████ ████████████████████████████████████████

Finally, for its part, Paragraph 173 does not disclose any confidential communications at all—it raises an inference of notice based on non-privileged facts. Thus, Defendants' motion to strike this paragraph, too, must be denied.

### C. Paragraph 174 of the 2AC (Paragraph 120 of the 1AC)



███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████

Defendants' motion to strike does not discuss this allegation with any particularity, failing to satisfy its burden. Nor does any privilege attach. Paragraph 174 does not describe communications to obtain legal advice with an attorney. ███████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ This paragraph, too, should not be stricken.

## CONCLUSION

The Hospital Defendants fail to satisfy their burden of proof to establish privilege over any of Relator's allegations; accordingly, their motion to strike must be denied in full and the paragraphs unsealed.

Date: January 13, 2020

Respectfully submitted,

By:    /s/ *Ruth Brown*
       Counsel for Relator Hichem Chihi

Michael Kanovitz
Ruth Brown
Loevy & Loevy
311 N. Aberdeen, 4th Floor
(312) 243-5900
ruth@loevy.com

17

mike@loevy.com

Mark Anthony Correro (24045702)
Attorney at Law
2909 Hillcroft, Suite 350
Houston, TX 77057
Ph: 844-836-8664, 713-955-3323
mark@correroleisure.com

## CERTIFICATE OF WORD COUNT

I, Ruth Brown, hereby certify, that the foregoing Brief complies with the type-volume limitation set forth in this Court's procedures because it contains 4,543 words, excluding those portions of the brief identified in the Court's procedures that do not count toward the word limitation. In preparing this certificate, I relief on the word count tool of the word-processing system used to prepare the brief, Microsoft Word.

 /s/ Ruth Brown

Counsel for Relator Hichem Chihi

## CERTIFICATE OF SERVICE

I certify that on January 13, 2020, the above and foregoing motion was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification to the attorney(s) of record in this matter.

By:     */s/ Ruth Brown*