**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the | ) | |
| STATE OF TEXAS, *ex rel*. HICHEM CHIHI, | ) | Civil Action No. 4:18-cv-00123 |
| | ) | |
| | ) | **[FILED UNDER SEAL]** |
| Plaintiff-Relator, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATHOLIC HEALTH INITIATIVES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## CHI DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS CORRECTED MOTION TO STRIKE

Defendants Catholic Health Initiatives ("CHI") and CHI-St. Luke's Health ("CHI-St. Luke's" (collectively, "Defendants") submit this reply brief in support of their Corrected Motion to Strike (Dkt. 258-1) Paragraphs 168-174 of Relator Hichem Chihi ("Relator's") Second Amended Complaint ("SAC").

## INTRODUCTION

Relator attempts to show that Defendants' ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

The intended effect of Relator's allegations █████████████████

███████████████████████████████████████████████████████

███████████ Relator's problem though, is that for hundreds of years, courts have protected these communications from being weaponized and misappropriated in litigation, as Relator does here.

Defendants are not required to provide irrefutable proof or rule out each of the far-fetched claims and speculation raised in Relator's Response to show Paragraphs 168-174 of the SAC are privileged. Instead, Defendants must make an *initial showing of protection by the privilege*. *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 721 (5th Cir. 2011). Having carried this burden through an analysis of each contested allegation, Defendants meet the elements required to assert the attorney-client privilege, and their Motion to Strike should be granted.

## ARGUMENT

### 1. Defendants Are Not Required to Proffer "Affirmative Evidence" and Have Met Their Burden to Assert Privilege

Relator imposes a nonsensical standard requiring Defendants to submit extrinsic proof and "particularized" claims that communications made between outside legal counsel and its client are privileged. Dkt. 263-1 at 9-12. Relator asserts that Defendants must submit affidavits, testimony, or other documentary evidence to support its claims, but in doing so, Relator relies on distinguishable precedent. *Id.*

Relator cites *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978), to "underscore the importance of the affirmative proof of the elements of privilege." Dkt.

263-1 at 10.  In *Kelly*, the Court addressed a criminal defendant's claim that his alleged attorney should not have been able to testify against him, but where there was no evidence that he ever engaged the attorney to represent him in the first place.

Relator also cites *Equal Employment Opportunity Comm'n v. BDO USA, L.L.P*, 876 F.3d 690, 696 (5th Cir. 2017) ("E.E.O.C."), *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473-74 (N.D. Tex. 2004), and *United States v. El Paso Co*., 682 F.2d 530, 539 (5th Cir. 1982), all for the proposition that Defendants must offer affirmative proof of its claim of attorney-client privilege. But each involved discovery disputes where parties either withheld large volumes of documents in blanket fashion or were engaged in fights about the sufficiency of a privilege log.  Defendants are not attempting to withhold documents from the Relator, and the allegations themselves provide more than enough "proof" to evaluate the privilege.

Relator's own authority establishes that extrinsic evidence in unnecessary.  In *King*, the Fifth Circuit affirmed the District Court's decision to refuse *in camera* review of documents when the privilege log showed that documents were "privileged on their face and protected from discovery." *King*, 645 F.3d at 721.  If a court can conclude from the face of a privilege log that a communication is privileged, this Court can employ its experience to determine that the allegations in Paragraphs 168-174 of the SAC are privileged without extrinsic evidence.  *See Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682 (1981) (privilege "may be interpreted by the courts of the United States in light of reason and experience."). At base, Defendants met their burden to prove

3

the attorney-client privilege applies and have done so with sufficent particularity. *See* Dkt. 258-1 at 5-8.

### 2. The Contested Paragraphs Contain Privileged Information

a. <u>Paragraphs 168-169</u>

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

*See Rush v. Columbus Mun. Sch. Dist.,* 234 F.3d 706 (5th Cir. 2000) (███████████

████████████████████████████████████████████████████

███████████████████); *Gifford v. Target Corp.,* 723 F. Supp. 2d 1110, 1119 (D. Minn.

2010). ██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ *Wilstein v. San Tropai Condo. Master Ass'n*, 189 F.R.D.

371, 379 (N.D. Ill. 1999) (██████████████████████████████

██████████████████████████████████████████). ███████

████████████████████████████████████████████████████

████████████████████████████████

Relator's argument about assessing whether business or legal advice was being

provided is also flawed because ████████████████████████████

█████████████████████████████████████████████████████████████

████████████ *See* Dkt. 263-1 at 14; *Diversified Indus., Inc. v. Meredith,* 572 F.2d 596,610

(8th Cir. 1977); *U.S. v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1076 N.D.Cal.2002).

Relator also asserts that the communications were not made in confidence ████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████ The correct measure of confidentiality is whether the

individuals receiving the information need it to perform their job functions. *Upjohn Co.*,

449 U.S. 391-95; 3 JACK W. WEINSTEIN ET AL., WEINSTEIN'S FEDERAL

EVIDENCE § 503.22[4] (Lexis 2014). ████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████

b. Paragraph 170-171

█████████████████████████████████████████████████████████

████████████████████████████████████████ *See Cottillion v. United*

*Ref. Co.*, 279 F.R.D. 290, 311 (W.D. Pa. 2011) (████████████████████████████

████████████████████████████████████████████████). ██████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

SAC ¶ 170; *See Rush v. Columbus Mun. Sch. Dist.*, 234 F.3d 706 (5th Cir. 2000) (███)

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ Dkt. 263-1 at 17; *Wilstein* 189

F.R.D. at 379.

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████

  c.  <u>Paragraphs 172-173</u>

  Relator's analysis completely misses the mark.    Rather than viewing the application of privilege through the eyes of *the actual privilege-holder* (Defendants), Relator proffers his own subjective and irrelevant views ███████████████████

███████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ By virtue of Relator's own authority, this constitutes a privileged exchange. *El Paso Co*., 682 F.2d at 538 n.8; *see also Upjohn Co.,* 449 U.S. 390. ████████████████████████████████████

████████████████████████████ *Upjohn Co*. 449 U.S. at 394–95. ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ *Id*; *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████

       ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████ *Philadelphia v. Westinghouse Electric Corp*., 205 F.Supp. 830, 831 (E.D. Pa. 1962).  While an underlying fact may be non-privileged, "[t]he client cannot be compelled to answer the question, 'What did you say or write to the attorney?'" which is precisely what is happening here. *Id*.

Relator's cases on this point are distinguishable.  In *E.E.O.C. v. Texas Ear, Nose & Throat Consultants, P.L.L.C.*, No. CIV.A. H-05-3374, 2006 WL 626309 (S.D. Tex. Mar. 10, 2006), the disclosure of an employer's alleged retaliation occurred through the employee's submission of two unsolicited letters to counsel, ███████████████████ ██████████████████████████████████████ In *Sims v. Roux laboratories, Inc.*, No. CIV.A. 06-10454, 2007 WL 2571941, at *3 (E.D. La. Aug. 31, 2007), the court held that statements "unrelated to matters within the scope of [plaintiff's] corporate duties or to securing legal advice for the corporation" are not privileged communications.  *Id.* at *3. █████████████████████ ██████████████████████████████████████ █████████████████████████████

d.  <u>Paragraph 174</u>

Relator asserts that Paragraph 174 is a business communication lacking any privileged exchange. Dtk. 263-1 at 20-21.  But in the same breath, Relator acknowledges that Paragraph 174 ███████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ███████████████████████ Relator could have pled his allegation without the privileged content, but made a calculated decision ██████████ ████████████████ That choice should cost him the ability to keep this in allegation in the SAC.

## CONCLUSION

Defendants request the Court strike Paragraphs 168-174 from the SAC pursuant to Rule 12(f) and order that they remain under seal indefinitely.   Alternatively, the Defendants respectfully request *in camera* review of Paragraphs 168-174, through a supervised process to avoid the potential waiver of attorney-client privilege covering other communications and documents that would allow for the Court's adjudication of this issue.

Dated:  January 21, 2020

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Brian F. McEvoy* _____
        Brian F. McEvoy
        Attorney-In-Charge
        Georgia State Bar No. 490845
        (Admitted *Pro Hac Vice*)
        1201 West Peachtree Street
        Atlanta, GA 30309
        (404) 253-6021 (Direct)
        (404) 253-6060 (Facsimile)
        bmcevoy@polsinelli.com

        Asher D. Funk
        Illinois State Bar No. 6295022
        Federal ID No. 3138175
        150 N. Riverside Plaza, Suite 3000
        Chicago, IL 60606
        (312) 873-3635 (Direct)
        (312) 819-1910 (Facsimile)
        afunk@polsinelli.com

        Kevin M. Coffey
        Illinois State Bar No. 6303073
        (Admitted Pro Hac Vice)
        150 N. Riverside Plaza, Suite 3000
        Chicago, IL 60606
        (312) 873-2986 (Direct)

9

(312) 819-1910 (Facsimile)
kcoffey@polsinelli.com

Mark S. Armstrong
Texas State Bar No. 01321900
Federal ID No. 219390
1000 Louisiana Street
Suite 6400
Houston, TX 77002
(713) 374-1660 (Direct)
marmstrong@polsinelli.com

**ATTORNEYS FOR THE CHI
DEFENDANTS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the requirements set forth in Hon. Charles R. Eskridge III's Court Procedures.  This brief contains 1,998 words, excluding the case caption, table of contents, table of authorities, signature block, and certificates, and was prepared in 13-point Times New Roman font.

*/s/ Brian F. McEvoy*
**Attorney for CHI Defendants**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred in good faith with Ruth Brown, counsel for Relator, regarding the subject matter of this motion. Counsel for Relator and counsel for CHI Defendants were unable to reach an agreement on whether the Second Amended Complaint contains attorney-client privileged communications. However, both Parties agreed to keep the Second Amended Complaint, First Amended Complaint and the Original Complaint under seal until the Court rules on the CHI Defendants Corrected Motion to Strike. (Doc. 258-1).

*/s/ Brian F. McEvoy*
**Attorney for CHI Defendants**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 21st day of January, 2020, a true and correct copy of the foregoing was electronically served on counsel for all parties properly registered to receive notice via the Court's CM/ECF system.

 _/s/ Brian F. McEvoy_____
**Attorney for CHI Defendants**