**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the | ) | |
| STATE OF TEXAS, *ex rel*. HICHEM CHIHI, | ) | Civil Action No. 4:18-cv-00123 |
| | ) | |
| | ) | |
| Plaintiff-Relator, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATHOLIC HEALTH INITIATIVES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

PROPOSED DISCOVERY PLAN AND JOINT STATUS REPORT

**A.    Introduction**

In its Memorandum and Order on the Defendants Catholic Health Initiatives ("CHI") and

CHI-St. Luke's Health ("CHI-St. Luke's") (collectively, the "CHI Defendants") Motion to Strike,

the Court ordered the CHI Defendants and Relator Hichem Chihi ("Relator"), to confer regarding

a discovery plan limited to determining privilege as to the contested passages in Relators Second

Amended Complaint, and submit a joint status report to the Court. *See* Dkt. #274.

The CHI Defendants and Relator have conferred repeatedly by telephone and electronic

mail in efforts to submit an agreed-to plan for limited discovery.  While the parties have reached

agreement on certain aspects of discovery, they have not been able to agree on others.  Below, the

CHI Defendants and Relator provide the areas of agreement concerning the limited discovery

ordered by the Court, the parties proposals concerning discovery, and the aspects of their discovery

proposals that are contested by opposing counsel.

**B.    Description of agreed to aspects of limited discovery.**

The CHI Defendants and Relator Hichem agree as to the following elements of a limited discovery plan:

1. The CHI Defendants and Relator will confer regarding an agreed protective order governing limited discovery, and the parties will file a proposed agreed protective order, or a joint submission outlining their differing positions on a protective order, with the Court by August 14, 2020.

2. Discovery will commence upon the Court's entry of the protective order.

3. All interrogatories and production requests will satisfy the relevance and proportionality requirements of Rule 26(b)(1).

4. To the extent either party asserts that the attorney-client privilege, the attorney work product doctrine, and/or any other privilege applies to any documents that are subject to any request for production or interrogatory, the party asserting the privilege will identify the document on a privilege log and produce the log to the requesting party contemporaneously with their discovery responses.

5. Relator and the CHI Defendants shall have the opportunity to move the Court to resolve any disputes related to discovery, after conferring first in good faith with the opposing party. If a discovery motion is filed, the non-moving party will have 14 days to respond to any discovery-related motion, and the moving party will have 7 days to file a reply.

**C.    The parties contested proposals for limited discovery.**

I.    The CHI Defendants Proposed Plan:

1. The CHI Defendants and Relator will commence limited discovery by engaging in one round of written discovery, where the parties may issue interrogatories and

requests for production 7 days after the protective order is entered.  Each party will then respond to any requests for discovery within 21 days.

2.  On the same day responses to written discovery are due, the parties must also produce any affidavits as part of the limited discovery process.

3.  Should the parties wish to conduct additional discovery (including a second round of interrogatories, requests for production, or oral round of depositions), the parties will seek leave of Court showing good cause for additional discovery and outlining the specific types and scope of discovery being requested.  Any requests for leave to obtain additional discovery must be made within 14 days of receiving responses to interrogatories, requests for production, and affidavits.

II.  <u>CHI Defendants' Justification and Response to Relator's Proposed Plan:</u>

As the proponents of the privilege and the parties that bear the burden of establishing its existence, the CHI Defendants do not believe that the depositions, third-party subpoenas or multiple rounds of written discovery sought by Relator are warranted.  Allowing multiple rounds of discovery and depositions in particular about an issue as sensitive as the attorney-client privilege, is more likely to yield disputes that the Court will need to resolve than a single round of written-discovery.

While the CHI Defendants' may possess a larger volume of potentially relevant information than Relator, the quantity of information in the CHI Defendant's possession is immaterial, and nothing under the CHI Defendants' proposal prevents Relator from seeking any or all of that information.

If instead, Relator's concern is that he simply does not know what documents exist or what information to request, the CHI Defendants find such a position difficult to understand.  Discovery

74180435.6

here is "strictly limited" to the allegations in Relator's Second Amended Complaint concerning two specific events, a training session and an interview with counsel. For both events, Relator has first-hand knowledge that should guide the information being requested, and the limited discovery ordered by the Court is an opportunity for Relator to probe the facts surrounding the events in question, not an invitation to scour untold amount of information in the hopes of finding anything that may support his opposition to an assertion of privilege.

Finally, even if Relator encounters a situation where limited follow-up discovery is necessary, the CHI Defendants' proposal explicitly permits him to seek that information upon a showing of good cause. Allowing the Court to make such a determination before burdening the CHI Defendants with additional discovery is fair and reasonable.

III. Relator's Proposed Plan:

1.   The parties shall conduct discovery on the CHI Defendants' privilege assertions in two stages.

2.   During the first stage, the parties will have 60 days for written discovery, in which the parties may issue interrogatories and requests for production. The parties will have an opportunity to raise any discovery disputes with the Court should they arise. Should the CHI Defendants raise objections regarding possession, custody, or control of pertinent documents (such as those within the possession of their attorneys), the parties shall confer on the necessity of issuing third-party subpoena(s). Relator shall have an opportunity to issue third-party subpoenas, and the CHI Defendants shall have the opportunity to move to quash any such subpoenas should they believe any such subpoena falls outside the proper scope of discovery on the CHI Defendants' privilege assertions.

4

3.     During the second stage, the CHI Defendants shall tender any affidavits in support of satisfying their burden to establish an entitlement to privilege, and Relator shall tender any responsive affidavits within 7 days. The parties shall then have 30 days in which to conduct fully remote depositions, of no more than two hours, of any affiant disclosed by the opposing party, as well as up to three additional persons.

IV. <u>Relator's Justification and Response to the CHI Defendants' Proposed Plan:</u>

The CHI Defendants' proposal for a single round of written discovery and simultaneous disclosure of affidavits, without affording Relator an opportunity to secure sworn statements from represented employees of the CHI Defendants, unfairly advantages the CHI Defendants due to the asymmetrical information advantage that they currently maintain over documents and witnesses.

The CHI Defendants currently have superior access to documents and witnesses regarding this matter without discovery. The CHI Defendants, for example, maintain the pertinent documents and can thus use those documents to craft their discovery requests and affidavit(s). Under the CHI Defendants' proposal, only Relator—but not the CHI Defendants—would have to submit his affidavit and craft all discovery requests without the ability to first review the pertinent documents. In addition, the CHI Defendants can informally interview the CHI Defendants' current employees that are represented parties and can chose to present multiple affidavits, including selecting only favorable witnesses. Absent the ability to conduct limited and brief depositions, Relator, on the other hand, would be barred from seeking any sworn testimony from witnesses favorable to his position that are represented employees of the CHI Defendants. Nor would Relator have any meaningful opportunity to challenge the contents of the CHI Defendants' supporting affidavit(s). Permitting only one round of written discovery, and not the very limited follow-up and oral

5

discovery that Relator proposes, thus unfairly advantages the CHI Defendants and disadvantages Relator. Plaintiff's proposal allows for fair discovery while providing the CHI Defendants with redress should they believe that Plaintiff is improperly attempting to "scour untold amount of information in the hopes of finding anything that may support his opposition to an assertion of privilege."

In addition, the CHI Defendants' proposal that parties must seek leave of Court and establish good cause merely to conduct a limited amount of follow-up discovery will unnecessarily burden the Court and could easily end up requiring more effort from the parties than the follow-up discovery would itself require.

74180435.6

Dated:  July 20, 2020

Respectfully submitted,

**POLSINELLI PC**

By:  */s/Brian F. McEvoy*
       Brian F. McEvoy
       Attorney-In-Charge
       Georgia State Bar No. 490845
       (Admitted *Pro Hac Vice*)
       1201 West Peachtree Street
       Atlanta, GA 30309
       (404) 253-6021 (Direct)
       (404) 253-6060 (Facsimile)
       bmcevoy@polsinelli.com

       Asher D. Funk
       Illinois State Bar No. 6295022
       Federal ID No. 3138175
       150 N. Riverside Plaza, Suite 3000
       Chicago, IL 60606
       (312) 873-3635 (Direct)
       (312) 819-1910 (Facsimile)
       afunk@polsinelli.com

       Kevin M. Coffey
       Illinois State Bar No. 6303073
       (Admitted Pro Hac Vice)
       150 N. Riverside Plaza, Suite 3000
       Chicago, IL 60606
       (312) 873-2986 (Direct)
       (312) 819-1910 (Facsimile)
       kcoffey@polsinelli.com

       Mark S. Armstrong
       Texas State Bar No. 01321900
       Federal ID No. 219390
       1000 Louisiana Street
       Suite 6400
       Houston, TX 77002
       (713) 374-1660 (Direct)
       marmstrong@polsinelli.com

*Attorneys for the CHI Defendants*

By:  */s/Ruth Brown*
       Ruth Brown (S.D. Tx. No. 3355448,

74180435.6

IL ARDC No. 6299187)
Michael Kanovitz (PHV0 (IL
ARDC No. 6275233)
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900 (Telephone)
312.243.5902 (Facsimile)

Mark A. Correro
Lance Leisure
Correro & Leisure, P.C.
2909 Hillcroft Avenue,
Suite 350
Houston, Texas 77057
888.508.1292 (Telephone)
888.508.1293 (Facsimile)

*Counsel for Relator*

74180435.6