IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, the STATE OF TEXAS, the STATE OF COLORADO, the STATE OF INDIANA, the STATE OF IOWA, the STATE OF MINNESOTA, the STATE OF NEW MEXICO, the STATE OF TENNESSEE, the STATE OF WASHINGTON, *ex rel*. HICHEM CHIHI, <br><br>Plaintiff-Relator, <br><br>v. <br><br>CATHOLIC HEALTH INITIATIVES, et al. <br><br>Defendants. | Civil Action No. 4:18-cv-00123 |

## STIPULATED PROTECTIVE ORDER

Relator Hichem Chihi ("Relator") and Catholic Health Initiatives ("CHI") and CHI-St. Luke's Health ("CHI-St. Luke's") (collectively, the "CHI Defendants") (Relator and each Defendant individually a "Party," and all collectively the "Parties"), and their respective counsel, under Fed. R. Civ. P. 26(c), agree and stipulate that this Order (the "Protective Order") hereby governs the discovery (the "Contested Passages Discovery") Ordered by the Court in the July 7, 2020 Memorandum and Order (Dkt. 274) and August 11, 2020 Order (Dkt. 282). The Contested Passages Discovery is strictly limited to determining privilege as to the contested passages at issue. The use of any document, information, or other thing furnished by any Party to any other Party in connection with the Contested Passages Discovery is governed by paragraphs 10-17 of this Protective Order.

**Proceedings and Information Governed.**

1.  This Protective Order is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any Party to any other Party in

connection with the Contested Passages Discovery, and it includes any nonparty who receives a subpoena in connection with this Contested Passages Discovery. It also governs all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B), including but not limited to, paper documents, deposition testimony, discovery responses, and/or affidavits produced in this Contested Passages Discovery, or electronically stored information ("ESI")—including writings, drawings, graphs, charts, photographs, sound and video recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding Party into a reasonably usable form. The information protected also includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in connection with this Contested Passages Discovery that are designated by a Party as "Privileged" or "Privileged Material", or "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2. This Protective Order is limited to matters pertaining to the Contested Passages Discovery and shall not govern discovery on other subject matters in this litigation, which shall be subject to a different protective order, if required.

3. Nothing in this Protective Order shall be construed as a waiver of any Party's argument(s), or as a concession by any Party, regarding the terms of any other protective order sought this action at any time. The Parties further agree that this agreement is for the purposes of the Contested Passages Discovery only and that no Party will use this Protective Order as the

basis for any argument in support of or in opposition to any subsequent protective order sought in this action.

**Designation and Maintenance of Information.**

4. For purposes of this Protective Order, (a) "Privileged" or "Privileged Material" means that the document is subject to the attorney-client privilege and any other claim of privilege that may be lawfully asserted without limitation and work-product provisions, including protections afforded by Fed. R. Civ. P. 26(b); and (b) "Confidential Information" means information designated as "Confidential" by the Producing Party that is comprised of private, secret, or restricted information of any Party that by its nature must be maintained in confidence to protect the interests of the Party, including: (1) information prohibited from disclosure by law; (2) information that reveals trade secrets; (3) technical or commercial information that the party has maintained as confidential and that is of technical or commercial advantage to its possessor; (4) medical information concerning any individual; (5) personal identity information; (6) income tax returns, W-2 forms and 1099 forms; or (7) personnel or employment records. Information or documents that are available to the public may not be designated as Confidential Information.

**Privileged Information Subject to Protective Order.**

5. If a Party asserts a privilege during the course of this Contested Passages Discovery within the scope of paragraph 4(a) relating to any document, information, or other thing, or to any request for production or interrogatory, the Party asserting privilege shall produce a privilege log with respect to the Privileged Material setting forth all of the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii).

**Confidential Information Subject to Protective Order.**

6. Documents and things produced during the course of this Contested Passages Discovery within the scope of paragraph 4(b) above may be designated by the producing Party as

containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information.

### Information Disclosed at a Deposition as Confidential Information or Privileged Material.

7. In the event the Court Orders depositions to be taken as part of the Contested Passages Discovery, a Party may designate information disclosed at a deposition as Privileged Material or Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any Party will have seven (7) calendar days after the date of the deposition to designate, in writing to the other Parties and to the court reporter, whether the transcript is to be designated as Privileged Material or Confidential Information. If no such designation is made at the deposition or within this seven (7) calendar day period (during which period, the transcript must be treated as Confidential), the entire deposition will be considered devoid of Privileged Material or Confidential Information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order. To the extent a Party designates information disclosed in a deposition as containing Privileged Material, the process set forth in paragraphs 21-24 shall apply.

### Inadvertent Failure to Designate.

8. The inadvertent failure to designate or withhold any information as Privileged Material or Confidential Information will not be deemed to waive a later claim as to its confidential

or privileged nature, or to stop the producing Party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving Party as Confidential from the time the receiving Party is notified in writing of the change in the designation.

**Challenge to Designations.**

9. A receiving Party may challenge a producing Party's designation pursuant to the dispute resolution process in a timely motion to the Court in accordance with the Court's August 11, 2020 Order. Dkt. 282. To the extent any disputes arise in connection with Contested Passages Discovery after September 18, 2020, including but not limited to disputes relating to depositions or subsequent discovery —if so ordered by the Court— nothing in this Protective Order is intended to prevent or preclude the Parties from timely moving the Court for relief. The Parties will seek instruction from the Court regarding an appropriate dispute resolution process governing any disputes that arise in connection with Contested Passages Discovery after September 18, 2020 (including the timing, length, and number of briefs to be filed). Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the privileged or confidential treatment required by this Protective Order. The designating party shall retain the burden of establishing that designated information is Privileged Material.

**Use of Information and Documents Obtained Through Contested Passages Discovery.**

10. The Parties shall serve and conduct the Contested Passages Discovery in good faith. Pursuant to the Court's July 8, 2020 Memorandum and Order (Dkt. 274), the Contested Passages Discovery shall be strictly limited to determining privilege as to the contested passages at issue, and/or litigating any reasserted motion to strike filed by the CHI Defendants.

11. If a party believes that the discovery sought in Contested Passages Discovery is sought for an improper purpose, that party shall be entitled to seek relief from the Court by filing a motion after conferring in good faith with the opposing party.

12. Information and Documents obtained through Contested Passages Discovery may only be used for purposes related to Contested Passages Discovery and in connection with litigation of a reasserted motion to strike filed by the CHI Defendants pursuant to Fed. R. Civ. P. 12(f) and may not be used under any circumstances for any other purpose.

13. No Party shall refer to, quote, cite, rely upon, or otherwise use Privileged Material for any purpose – outside the scope of Contested Passages Discovery and the CHI Defendants' reasserted Rule 12(f) motion to strike and the Parties' respective response and reply in connection therewith – including, but not limited to, for the purpose of amending future pleadings, submitting future motions or petitions with the Court, seeking future discovery (including requests for admission, interrogatories, requests for production, depositions, third-party subpoenas, etc.), or asserting arguments as to the responsiveness or relevance of any requested discovery, documents or things.

14. Subject to paragraph 16 below, Confidential Information may be disclosed by the receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving Party who are required in good faith to provide assistance in the conduct of this Contested Passages Discovery; (b) in-house counsel; (c) outside counsel for the receiving Party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) any persons requested by counsel to furnish services such as document coding, image scanning, translation services, court reporting services, demonstrative exhibit preparation, or the creation of

any computer database from documents; and (f) the Court. To the extent any Party receives Privileged Material due to inadvertent disclosure, the process set forth in paragraphs 21-24 shall apply.

15. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

16. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if counsel for the Party designating the material agrees that the material may be disclosed to the person by providing written consent to the Party requesting disclosure.

17. The Party asserting any privilege as to any document or other thing is permitted to disclose the Party's own Privileged Material to: (a) its employees and agents; (b) in-house counsel; (c) supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; and (d) any persons requested by counsel to furnish services such as document coding, image scanning, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents. Disclosure of Privileged Material by the Party asserting privilege to individuals or entities listed in (a) through (d) shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or other protection that a Party would be able to assert with respect to the Privileged Material and its subject matter. Nothing in this paragraph is intended to preclude a Party from claiming that a voluntary disclosure of Privileged Material was made before entry of this Protective Order and/or that any privilege or protection was waived or forfeited in connection therewith. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding

judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Nonparty Information.**

18. The existence of this Protective Order must be disclosed to any non-party producing documents, tangible things, or testimony in this Contested Passages Discovery pursuant to a document or deposition subpoena who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents with the Court.**

19. If any Party wishes to submit Privileged Material or Confidential Information to the Court in connection with any discovery disputes during Contested Passages Discovery, or in connection with the CHI Defendants' reasserted motion to strike under Rule 12(f), the submission must be filed only under seal on CM/ECF in a manner that is consistent with the Court's procedures for filing documents under seal and this Protective Order.

**No Prejudice.**

20. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any Party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that

particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Inadvertent Production of Privileged Material.**

21. If, in connection with this Contested Passages Discovery, information subject to a claim of attorney-client privilege, the common interest privilege, work product protection, or other legally cognizable privilege or immunity is inadvertently disclosed ("Disclosed Privileged Material"), the disclosure of the Disclosed Privileged Material shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or other protection that a Party would be able to assert with respect to the Disclosed Privileged Material and its subject matter. **The Parties intend that this provision shall displace the provision of Fed. R. Evid. 502(b)(1) and (2), and that this provision shall constitute an Order under Fed. R. Evid. 502(d).**

22. If a producing Party becomes aware that it has inadvertently produced Disclosed Privileged Material, the producing Party will immediately notify each receiving Party in writing of the inadvertent production and describe the nature of the documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the Court to assess the claim of privilege. Upon receipt of such notice, each Party to which such notice is directed must—unless it contests the claim of privilege—immediately: (a) return, sequester, or destroy the Disclosed Privileged Material and any copies; (b) not use or disclose the Disclosed Privileged Material until the claim is resolved and adjudicated by the Court; (c) take reasonable steps to recall the Disclosed Privileged Material if the Party disclosed it before being notified; (d) provide a written certification of counsel that all such Disclosed

Privileged Material has been returned, sequestered, or destroyed; and (e) destroy or sequester any notes or summaries referring or relating to any such Disclosed Privileged Material. If the Receiving Party contests the claim of privilege, the Parties must promptly meet and confer in an attempt to resolve the dispute. If the conference does not resolve the privilege claim, the Receiving Party must move the Court for an Order compelling disclosure of the information claimed as unprotected. The motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

23. If a receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity, the receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the producing Party, in writing, that the receiving party possesses such material. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party. Nothing in this Order shall prevent the receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the contesting Party may seek a judicial determination of the matter in a motion timely filed with the Court. If the dispute arises after September 18, 2020, the Parties will seek instruction from the Court regarding the appropriate dispute resolution process (including the timing, length, and number of briefs to be filed).

24. The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Disclosed Privileged Information. Nothing in Paragraphs 21-23 shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Privileged Information.

**Treatment of Protected Health Information.**

25. The Parties anticipate that certain discovery requests in this Contested Passages Discovery could call for production of documents containing information considered "Protected Health Information" ("PHI") under the Health Insurance Portability and Accountability Act of 1996, and the implementation regulations thereunder ("HIPAA").

26. The Parties agree to specifically shield any PHI from disclosure in compliance with HIPAA, including 45 C.F.R. 164.512(e).

27. The Parties therefore agree that a receiving Party that receives PHI in connection with this Contested Passages Discovery will not use or disclose any PHI for any purpose other than as necessary to fulfill its role in this Contested Passages Discovery.

**Conclusion of Adjudication of the
CHI Defendants' Reasserted Rule 12(f) Motion to Strike.**

28. Within fourteen (14) calendar days after the Court's adjudication of the CHI Defendants' reasserted Rule 12(f) motion to strike, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents obtained through the Contested Passages Discovery, and to certify to the producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Remedies.**

29. If any Party has good cause to believe that a violation of this Order has occurred, that Party may petition the presiding judge for appropriate relief, including the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

30. Any Party may petition the presiding judge to modify, alter, or relieve a Party of any term or condition of this Protective Order.

**Miscellaneous.**

31. Nothing in this order abridges the right of any person to seek its modification by the Court in the future by filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

32. By Stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of material covered by this Stipulated Protective Order.

33. By stipulating to entry of this Protective Order, the Parties adopt no position on the authenticity or admissibility of documents produced subject to it.

34. During the pendency of this Contested Passages Discovery, upon a showing of substantial need, any Party may inspect any other Party's signed acknowledgments and

agreements of persons who have received confidential information subject to this Stipulated Protective Order.

35. All persons signing the Confidentiality Agreement contemplated under this Stipulated Protective Order agree to submit to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, for resolution of any and all disputes arising under the Stipulated Protective Order or the Confidentiality Agreement.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

| /s/ *Kevin M. Coffey* | /s/ *Ruth Brown* |
| --- | --- |
| **POLSINELLI PC** <br> Brian F. McEvoy <br> 1201 West Peachtree NW <br> Suite 1100 <br> Atlanta, GA 30309 <br><br> Asher Funk <br> Kevin Coffey <br> 150 N. Riverside <br> Chicago, IL 60606 <br><br> Counsel for Defendants | **LOEVY & LOEVY** <br> Ruth Brown <br> 311 N Aberdeen St <br> 3rd Floor <br> Chicago, IL 60607 <br><br> Counsel for Relator |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 08.18.20

_____
United States Magistrate Judge

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, the STATE OF TEXAS, the STATE OF COLORADO, the STATE OF INDIANA, the STATE OF IOWA, the STATE OF MINNESOTA, the STATE OF NEW MEXICO, the STATE OF TENNESSEE, the STATE OF WASHINGTON, *ex rel.* HICHEM CHIHI, <br><br> Plaintiff-Relator, <br><br> v. <br><br> CATHOLIC HEALTH INITIATIVES, et al. <br><br> Defendants. | Civil Action No. 4:18-cv-00123 |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Southern District of Texas on \_\_\_\_\_ (ECF No. \_\_\_\_) in the action *Chihi v. Catholic Health Initiatives*, *et al*. Case No. 4:18-cv-00123 (the "Order").

I further hereby affirm that:

Information, including documents and things, designated as "Privileged", "Privileged Material", or "Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Privileged Material or Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any Privileged Material or Confidential Information disclosed to me pursuant to the Protective Order to persons other than those specifically authorized by the Protective Order to have access to it, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Dated: _____

City and State (or Country) where signed: _____

Printed name: _____

Signature: _____