## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, the STATE OF TEXAS, the STATE OF COLORADO, the STATE OF INDIANA, the STATE OF IOWA, the STATE OF MINNESOTA, the STATE OF NEW MEXICO, the STATE OF TENNESSEE, the STATE OF WASHINGTON, *ex rel*. HICHEM CHIHI, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff-Relator, | ) ) | |
| v. | ) ) | Civil Action No. 4:18-cv-00123 |
| CATHOLIC HEALTH INITIATIVES; CHI-ST. LUKE'S HEALTH; BAYLOR COLLEGE OF MEDICINE; MEDCARE BAYLOR; BONE AND JOINT CLINIC OF HOUSTON; GREATER HOUSTON GASTROENTEROLOGY; HOUSTON THYROID & ENDOCRINE SPECIALISTS; KIDNEY ASSOCIATES; KIDNEY AND HYPERTENSION CONSULTANTS; LEACHMAN CARDIOLOGY ASSOCIATES; PULMONARY CRITICAL CARE & SLEEP MEDICINE CONSULTANTS; SURGICAL ASSOCIATES OF TEXAS; TEXAS ENDOCRINOLOGY GROUP; THE CENTER FOR ENT; CRISTINA BOCCALANDRO, M.D.; LAZARO CHEREM, M.D.; ALBERTO COLAMAR, M.D.; CARL DAHLBERG, M.D.; BRIAN DOUGLAS, M.D.;  FAREED ELHAJ, M.D.; IRVING FISHMAN, M.D.; ALAN HOFFMAN, M.D.; RICHARD HUNG, M.D.; MEDHAVI JOGI, M.D.; MARCIA KATZ, M.D.; ZVONIMIR KRAJCER, M.D.; DEWITT LEACHMAN, M.D.; JAMES LIVESAY, M.D.; ALBERTO LOPEZ, M.D.; ANDRES MESA, M.D.; RON MOSES, M.D.; ISAAC RAIJMAN, M.D.; JOSE FERNANDO SANTACRUZ, M.D.; NAVNEET SINGH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

M.D.; RAMACHANDRA SISTA, M.D.;     )
OTHER UNKNOWN DEFENDANT     )
DOCTORS,                                )
                                    )
            Defendants.          )

## THE CHI DEFENDANTS' AND PROVIDER DEFENDANTS' JOINT RESPONSE TO THE STATE OF TEXAS'S SECOND STATEMENT OF INTEREST

Defendants Catholic Health Initiatives and CHI-St. Luke's Health (the "CHI Defendants") and Defendants Baylor College of Medicine, Baylor Medcare, Bone and Joint Clinic of Houston, Greater Houston Gastroenterology, Houston Thyroid & Endocrine Specialists, Kidney Associates, Kidney and Hypertension Consultants, Leachman Cardiology Associates, Pulmonary Critical Care & Sleep Medicine Consultants, Surgical Associates of Texas, Texas Endocrinology Group, and The Center for ENT ("Provider Group Defendants"), and Cristina Boccalandro, M.D., Lazaro Cherem, M.D., Alberto Colamar, M.D., Carl Dahlberg, M.D., Brian Douglas, M.D., Fareed Elhaj, M.D., Irving Fishman, M.D., Alan Hoffman, M.D., Richard Hung, M.D., Medhavi Jogi, M.D., Marcia Katz, M.D., Zvonimir Krajcer, M.D., Dewitt Leachman, M.D., James Livesay, M.D., Alberto Lopez, M.D., Andres Mesa, M.D., Ron Moses, M.D., Isaac Raijman, M.D., Jose Fernando Santacruz, M.D., Navneet Singh, M.D., and Ramachandra Sista, M.D. (the "Provider Defendant Physicians," together with the Provider Group Defendants, "Provider Defendants") (all collectively "Defendants"), respectfully submit this Joint Response addressing the Second Statement of Interest ("SSOI") filed by the State of Texas (the "State") based on the CHI Defendants' and

Provider Defendants' Motions to Dismiss Relator Hichem Chihi's ("Relator") Second Amended Complaint ("SAC").

## INTRODUCTION

In its SSOI, the State correctly frames the question presently before this Court: whether the arguments advanced by Defendants for dismissal of Relator's federal False Claims Act ("FCA") causes of action under Rule 12(b)(6) and Rule 9(b) apply to the Texas Medicaid Fraud Prevention Act ("TMFPA") causes of action, "where the TMPFA does not mirror the FCA nor require presentation of a false claim to establish liability." *See* Dkt. 308 at 2.

The answer to this question is unequivocally yes, despite the SSOI leaving the misimpression that the FCA and TMFPA's language must be identical in all circumstances for Defendants' arguments to warrant dismissal under both statutes.  For the reasons set forth below, and those included in the CHI Defendants' prior Response to the State of Texas's Statement of Interest [Dkt. 211] (the "Prior Response") and the other Defendants' prior Responses to the State of Texas's Statement of Interest [Dkt. 219, 226, 232] – which Defendants incorporate by reference here – the Court can (and should) dismiss Relator's TMFPA causes of action based on *many* of the arguments advanced in connection with Relator's FCA causes of action.  Nothing in the SSOI compels a different result.

### 1.  The FCA and TMFPA prohibit "substantially the same conduct."

As explained in the Prior Response, the TMFPA "contains analogous provisions [to the FCA] prohibiting substantially the same conduct in the context of the State's

Medicaid program." Dkt. 211 at 1-3; *United States ex rel. Carroll v. Planned Parenthood Gulf Coast, Inc.*, 21 F. Supp. 3d 825, 831 (S.D. Tex. 2014).   This common sense approach is supported by a wealth of prior decisions that discussed the overlap between the FCA and TMFPA, and routinely analyzed the two statutes' substantive requirements in tandem.  Dkt. 211 at 2-3 (citing cases); Dkt. 303 at 48 (same).

The history of the TMFPA – which was modeled after the FCA and has been certified as compliant with the Deficit Reduction Act ("DRA") because it contains provisions that "establish[] liability to the State for false or fraudulent claims *described in section 3729 of title 31 [the federal FCA]*," – also demonstrates the common purpose, requirements and language of the FCA and TMFPA.  *See, e.g.*, Texas Bill Analysis, H.B. 889, March 21, 2007; 42 U.S.C. § 1396h (2012) [emphasis added]; Dkt. 211 at 2-3. Further, because the TMFPA meet the DRA requirements, Texas is allowed to retain an increased share of Medicaid recoveries under the FCA.  *See In re Xerox Corp.,* 555 S.W.3d 518, 539 (2018) (citing Letter from Daniel R. Levinson, Inspector Gen., Office of Inspector Gen., Dep't of Health & Human Servs., to Ken Paxton, Office of the Att'y Gen.,        State        of        Tex.        (Dec.        28,        2016) https://oig.hhs.gov/fraud/docs/falseclaimsact/Texas.pdf) ("[T]he TMFPA currently meets the requirements to receive an increased share of the civil penalties authorized under the federal False Claims Act.").  Texas cannot on the one hand retain those added benefits because of its similarities to the FCA (*i.e.*, establishes liability to the State for false or fraudulent claims described by the FCA), while on the other hand distance itself from the FCA by arguing that the TMFPA is an entirely distinct creature of Texas law.

4

To be clear, neither the CHI Defendants nor the Provider Defendants have claimed that the FCA and TMFPA are "identical" or that the language in each statute mirrors the other.  Dkt. 211 at 1-2; Dkt. 302 at 34 ("The TMFPA is *modeled after and interpreted in similar fashion* to the FCA and, as such, Relator's failure to state a claim under the FCA also constitutes a failure to state a claim under the TMFPA.") [emphasis added]; Dkt. 303 at 48 ("These state law claims fail on the same grounds discussed above, as the TMFPA's provisions *are largely analogous to the federal FCA*.") [emphasis added].  Defendants also acknowledge that the scope of the TMFPA can be broader than the FCA in certain situations.  *See, e.g.*, Dkt. 303 at 49.

But even recognizing the differences between the FCA and TMFPA – or that the TMFPA's scope *can sometimes* exceed the FCA's – does not mean Defendants' FCA-related arguments cannot lead to dismissal of Relator's TMFPA causes of action, as the State incorrectly suggests.  Dkt. 308 at 4.  The vast majority of Defendants' arguments in their motions to dismiss (as described in Section 2 below) address the significant defects in Relator's SAC, as Relator fails to plausibly allege a fraud scheme, let alone alleging it with particularity, as Relator must pursuant to Rules 12(b)(6) and 9(b).  Dkt. 302 at 7-26, 30-33; Dkt. 303 at 16-25.

Notably, Relator fails to allege facts with any particularity to support that even one claim was submitted to Medicaid as a result of the purported scheme, and instead generically alleges that "Medicare and Medicaid" claims were submitted.  *See, e.g.*, SAC, ¶¶ 175, 179, 180, 181.  These types of unsupported, conclusory allegations, among numerous other defects in the SAC, are not mere technical problems where the

76519699.4

differences in the exact language or scope between the FCA and TMFPA are material. Instead, they speak to the heart of Relator's case and why he fails to sufficiently allege facts to support that the Defendants violated either the federal Anti-Kickback Statute ("AKS") or the Physician Self-Referral Law ("Stark Law"), two of the predicate acts of Relator's FCA and TMFPA causes of action.

Even in one area of potential difference between the FCA and TMFPA (the presentment requirement), the State glosses over the fact that three of Relator's five TMFPA causes of action, require a false record or statement to trigger liability. *See* Tex. Hum. Res. Code §§ 36.002(1), (4)(B) and (12); Dkt. 274 ¶¶ 325-329, 335-339, 340-344. For those claims, there is an even stronger argument that the FCA and TMFPA substantially overlap, and that Defendants' FCA arguments can lead to dismissal of the TMFPA claims.

In sum, the Court should acknowledge the substantial similarities between the FCA and TMFPA and apply Defendants' FCA-based arguments to Relator's TMFPA claims, even where the two statutes' plain language or scope are not identical.

**2. Defendants' arguments addressing Relator's inability to plead a FCA predicate act violation also apply to his TMFPA claims.**

Each of Relator's five TMFPA counts necessarily relies on predicate act violations of the AKS, Stark Law or Texas anti-kickback statute ("Texas AKS"),[1] and without sufficiently alleging them, both his FCA and TMFPA causes of action fail. The majority of the Defendants' arguments in their motions to dismiss address Relator's failure to

---

[1] As used in this Response, the Texas AKS refers to Tex. Hum. Res. Code § 32.039(b), not the TMFPA or Tex. Hum. Res. Code § 36.002(13).

adequately plead those predicate act violations and apply to both Relator's FCA and TMFPA counts. Dkt. 302 at 7-26, 30-33; Dkt. 303 at 16-25.

For example, Defendants contend that Relator has failed to sufficiently plead that: (i) the Provider Defendants had knowledge of the alleged scheme [Dkt. 303 at 16-25]; (ii) the CHI Defendants provided illegal remuneration to referring physicians, including the Provider Defendants [Dkt. 302 at 10-26]; (iii) the CHI Defendants acted with the requisite scienter, assuming that any remuneration was paid to referring physicians, *id.*; or (iv) there was Stark Law financial relationship between the referring Provider Defendant Physicians and the CHI Defendants, or that a Medicare or Medicaid patient referral was made by the Provider Defendant Physicians to the CHI Defendants for designated health services.  [Dkt. 302 at 30–33; Dkt. 303 at 27-30].  These deficiencies go to the core of the purportedly unlawful conduct by Defendants, not to Relator's failure to demonstrate the submission of actual claims, "materiality," or "causation," where differences between the FCA and TMFPA may exist.

### 3.  Violations of the Texas AKS require more than "knowing" conduct.

Relator's ability to demonstrate TMFPA liability under Tex. Hum. Res. Code § 36.002(13) first requires Relator to plausibly plead a predicate act violation of the Texas AKS.  Because the TMFPA and Texas AKS are separate laws with distinct requirements, the differences in the culpable mental states to allege or prove a violation of each statute are material.  While the TMFPA only requires that a party act "knowingly" to trigger a violation, the same is not true of the Texas AKS.  Dkt. 211, at 5-6.  Of note, TMFPA's "knowingly" standard comprise mere recklessness or conscious indifference.  Tex. Hum.

Res. Code § 36.0011(a).  Despite this, the State argues for a single threshold governing scienter – "knowing" conduct – under both the TMFPA and Texas AKS.  Dkt. 308 at 5. There are several problems with the State's position and the arguments advanced in its SSOI.

First, as explained in the Prior Response, the legislative history of the TMFPA recognizes that: (i) the 2007 amendment which added Section 36.002(13) was enacted to ensure that violations of the Texas AKS were also violations of the TMFPA; and (ii) Section 32.039(b) is essentially coextensive with the federal AKS for purposes of FCA liability.  Dkt. 211 at 5.  In its SSOI, the State does not contest these realities.

Second, though the State takes issue with Defendants' reliance on *United States ex rel. King, et al. v. Solvay S.A*, because the court was "interpret[ing] conduct that occurred prior to the TMFPA's 2007 amendment adding Unlawful Act No. 13," the quote included in the Prior Response explicitly applied to the court's view of the TMFPA *after* the 2007 amendment.  *United States ex rel. King, et al. v. Solvay S.A., et al.*, No. H-06-2662, 2015 WL 8480148, at *6-7 (S.D. Tex. Dec. 10, 2015) ("*Since both the post–2007 TMFPA and the US AKS require intentional conduct* on the part of the entity violating the AKS for liability to attach, *there is no relevant difference* for the purposes of the issues addressed by the instant motion." [emphasis added]).

Third, the State points to Texas Human Resource Code § 32.039(a)(4) to support its argument that "proof of the person's specific intent to defraud is not required" under the Texas AKS.  But Section 32.039(a)(4) provides the definition of the phrases "should know" or "should have known," and does not define an overarching intent standard of all

8

potential violations of Section 32.039(b).  This should be apparent, because while some prohibited conduct under Section 32.039(b) includes the phrase "should know" or "should have known," many of the provisions in the Texas AKS do not, rendering Section 32.039(a)(4)'s definition inapplicable.  *See* Tex. Hum. Res. Code § 32.039(b).

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

Defendants respectfully request the Court consider and apply the argument made in their motions to dismiss the SAC under Rule 12(b)(6) and Rule 9(b) addressing Relator FCA causes of action, to Relator claims under the TMFPA when, and where appropriate, for the reasons set forth above.

76519699.4

Dated:  February 12, 2021                    Respectfully submitted,

**POLSINELLI PC**

***Counsel for Catholic Health Initiatives
and CHI St. Luke's Health***

By:  */s/ Brian F. McEvoy*
      Brian F. McEvoy
      Attorney-In-Charge
      Georgia State Bar No. 490845
      (Admitted *Pro Hac Vice*)
      1201 West Peachtree Street
      Atlanta, GA 30309
      (404) 253-6021 (Direct)
      (404) 253-6060 (Facsimile)
      bmcevoy@polsinelli.com

      Asher D. Funk
      Illinois State Bar No. 6295022
      Federal ID No. 3138175
      150 N. Riverside Plaza, Suite 3000
      Chicago, IL 60606
      (312) 873-3635 (Direct)
      (312) 819-1910 (Facsimile)
      afunk@polsinelli.com

      Kevin M. Coffey
      Illinois State Bar No. 6303073
      (Admitted *Pro Hac Vice*)
      150 N. Riverside Plaza, Suite 3000
      Chicago, IL 60606
      (312) 873-2986 (Direct)
      (312) 819-1910 (Facsimile)
      kcoffey@polsinelli.com

**REED SMITH LLP**

***Counsel for Defendants Baylor
College of Medicine and Baylor***

10

76519699.4

**College of Medicine Healthcare,
d/b/a Baylor Medcare,
Ramanchandra Sista, M.D.,
Marcia Katz, M.D.**

By: /s/ Sara A. Brinkmann

Sara A. Brinkmann, of counsel
Texas Bar No. 24069919
Reed Smith LLP
811 Main Street, Suite 1700
Houston, Texas 770002
(713) 469-3647
Fax: (713) 469-3899
sbrinkmann@reedsmith.com

Frederick Robinson
District of Columbia Bar No. 367223
*Admitted Pro Hac Vice*
**Attorney-in-Charge**

Reed Smith LLP, of counsel
1301 K Street, N.W
Suite 1000--East Tower
Washington, D.C. 20005-3373
(202) 414-9259
Fax: (202) 414-9299
FRobinson@reedsmith.com

**SEYFARTH SHAW LLP**

**Counsel for Defendant Bone and Joint
Clinic of Houston**

By: /s/ Christopher D. DeMeo

Christopher D. DeMeo
**Attorney-in-Charge**
Texas Bar No. 00796456
SEYFARTH SHAW LLP, of counsel
cdemeo@seyfarth.com
Kay J. Hazelwood, of counsel

11

Texas Bar No. 09310450
S.D. Texas I.D. No. 1002170
khazelwood@seyfarth.com
700 Milam, Suite 1400
Houston, TX  77002
Telephone:  (713) 225-0292
Facsimile:  (713) 225-2340


**SCOTT, CLAWATER & HOUSTON, L.L.P.**

***Counsel for Defendants Surgical Associates of Texas, P.A. and James Livesay, M.D.***

By: */s/ Wayne Clawater*
    Wayne Clawater
    **Attorney-in-Charge**
    SBN 04328500
    Federal ID: 10151
    Direct Dial: 713-579-1522
    wclawater@schlawyers.com
    Debra L. Elmore, of counsel
    SBN 17531950
    Federal ID: 612313
    delmore@schlawyers.com
    2727 Allen Parkway, Suite 500
    Houston, Texas 77019
    713.650.6600
    713.599-1999 Fax


**QUINTAIROS, PRIETO, WOOD AND BOYER, P.A.**

***Counsel for Defendants Houston Thyroid & Endocrine Specialists, Medhavi Jogi, M.D., Fareed Elhaj, M.D., Lazaro Cherem, M.D., and Brian Douglas, M.D.***

12

By: */s/ Ryan Wozny*
    **Ryan Wozny**
    **Attorney-in-Charge**
    State Bar No. 24045265
    **Quintairos, Prieto, Wood and Boyer, P.A., of counsel**
    ryan.wozny@qpwblaw.com
    **Megan Nguyen, of counsel**
    State Bar No. 24092899
    megan.nguyen@qpwblaw.com
    1700 Pacific Avenue, Suite 4545
    Dallas, Texas 75201
    (214) 754-8755 (Telephone)
    (214) 754-8744 (Telecopier)


**GERMER BEAMAN & BROWN PLLC**

***Counsel for Defendants Leachman Cardiology Associates, Zvonimir Krajcer, M.D., Dewitt Leachman, M.D. and Alberto Lopez, M.D.***

By: */s/ Chad Geisler*
    R. Chad Geisler
    **Attorney-in-Charge**
    James B. Hicks, of counsel
    **Germer Beaman & Brown PLLC, of counsel**
    One Barton Skyway
    1501 S Mopac Expy, Suite A400
    Austin, Texas 78746
    (512) 472-0288
    (512) 472-0721 Fax
    cgeisler@germer-austin.com
    jhicks@germer-austin.com


**LUCCIA & EVANS, L.L.P.**

***Counsel for Defendants Naavneet***

13

*Singh, M.D., Kidney and Hypertension Consultants, Kidney Associates, Greater Houston Gastroenterology, and Isaac Raijman, M.D.*

By: */s/ Frank N. Luccia*
Frank N. Luccia
**Attorney-in-Charge**
SBN 12664400
SDBN 10384
**LUCCIA & EVANS, L.L.P., of counsel**
fnluccia@luccia-evans.com
Lauren M. Virene, of counsel
SBN 24087980
SDBN 2166180
lvirene@luccia-evans.com
8 Greenway Plaza, Suite 1450
Houston, Texas 77046
(713) 629-0002 / Fax (713) 629-0004

**SCOTT, CLAWATER & HOUSTON, L.L.P.**

*Counsel for Defendants, Pulmonary Critical Care and Sleep Medicine Consultants, Inc., Carl Dahlberg, M.D., Alberto Colomer, M.D., Jose Santacruz, M.D. and Andres Mesa, M.D.*

By: */s/ John P. Scott*
John P. Scott
**Attorney-in-Charge**
State Bar No. 17901900
Federal I.D. 1878
Direct telephone no. 713-579-1505
Email:  jscott@schlawyers.com
**SCOTT, CLAWATER & HOUSTON, L.L.P., of counsel**
2727 Allen Parkway, Suite 500

14

Houston, Texas 77019
(713) 650-6600
(713) 579-1599 Fax

**SCOTT, CLAWATER & HOUSTON, L.L.P.**

***Counsel for Alan Hoffman, M.D., Irving Fishman, M.D., Cristina Boccalandro, M.D., Texas Endocrinology Group, P.A., Ron Moses, M.D., Richard Hung, M.D., and the Center for ENT.***

By:  */s/ Sam Houston*
       Sam Houston
       **Attorney-in-Charge**
       **Scott, Clawater & Houston, L.L.P., of counsel**
       2727 Allen Parkway, Suite 500
       Houston TX 77019
       (713) 650-6600 ext. 117
       (713) 579-1517 DIRECT
       (713) 822-5262 MOBILE
       (713) 579-1599 FAX
       shouston@schlawyers.com

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of February, 2021, a true and correct copy of the foregoing was electronically served on counsel for all parties properly registered to receive notice via the Court's CM/ECF system.

*/s/ Brian F. McEvoy*

**Attorney for CHI Defendants**