IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> EX REL.HICHEM CHIHI, *et al.*, ) <br> ) <br>    *Plaintiff-Relator,* ) <br> ) <br> v. ) <br> ) <br> CATHOLIC HEALTH ) <br> INITIATIVES, *et al.*, ) <br> ) <br>    *Defendants.* ) | Judge Charles R. Eskridge III <br><br> Magistrate Judge Sam S. Sheldon <br><br><br> Civil Case No. 4:18-cv-00123 |

## PLAINTIFF-RELATOR'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

In their reply briefs, for the first time, both sets of Defendants improperly raised a new factual argument in support of dismissal with prejudice: they claimed, incorrectly, that Relator previously represented to the Court during a December 4, 2019 hearing that he would not seek leave to amend. *See* Dkt. 313 at 31; Dkt. 311 at 20. Neither set of Defendants raised any argument regarding Relator's statements about amendment at the December 4 hearing in their initial motions to dismiss. *See* Dkt. 302 at 35-36; Dkt. 303 at 50.[1] Defendants have thus waived the argument. *See, e.g., Jones v.*

---

[1] The Hospital Defendants referenced statements during the hearing on a different matter (Dkt. 302 at 10), and the Defendant Referring Physicians referenced a court ruling at the hearing (Dkt. 303 at 10), but neither cited Relator's statements about amendment as providing any basis for dismissal of claims with prejudice. *See* Dkt. 302 at 35-36; Dkt. 303 at 50.

*Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("arguments raised for the first time in a reply brief are generally waived"); *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019) ("it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum") (citations omitted).

Should the Court wish to consider Defendants' new argument, however, Defendants' characterization of the discussion of amendment during the hearing is misleading and, at best, materially incomplete. At the hearing, the Court had before it the Defendants' motions to dismiss the first amended complaint ("FAC"), Relator's consolidated response to the motions to dismiss, and Relator's motion for leave to file the proposed Second Amended Complaint ("SAC"). The Court resolved the filings by granting Relator leave to file the SAC, denying Defendants' motions to dismiss the FAC as moot, and allowing Defendants to file motions to dismiss the SAC, which the parties would fully brief and upon which the Court would rule. Dkt. 300 at 41-43, 24. Relator represented during the hearing (and the Court understood) only that Relator would not submit a proposed third amended complaint *prior to any ruling by the Court* on the Defendants' forthcoming motions to dismiss the SAC, as otherwise, the motions to dismiss the SAC would then potentially have to be denied as moot and re-briefed. Dkt. 300 at 42:12-43:11. Relator expressly

2

reserved the right to submit a proposed third amended complaint, as appropriate, in response to any guidance from the Court:

> MS. BROWN: . . . . So you asked me whether after the defendants filed motions to dismiss, we would then seek leave to amend, and I wanted to just make clear that what I meant by that is *not before this Court's ruling*. But pending -- you know, but based on this Court's ruling, if there was a basis to supplement the allegations, we may indeed seek to amend at that point. So I just wanted to make sure –
>
> THE COURT: Okay. I -- That would be your right at that point. But once they brief, I'm not going to see – I guess I'll say this. I'm not going to see because you won't give it to me, but if you do, I'm not going to look at it, *another amended complaint*.
>
> MS. BROWN: That's correct.
>
> THE COURT: Okay. But after my ruling, you can procedurally, of course, attempt to do whatever you think you need to do.
>
> MS. BROWN: I just wanted to make sure that was clear, but --
>
> THE COURT: I think that that's implicit in what I had said before . . .

Dkt. 300 at 42:12-43:11 (emphasis added). The Court acknowledged that it understood Relator's representation to relate only to the submission of a proposed third amended complaint prior to the Court's ruling on motions to dismiss the SAC, which would disrupt briefing and ruling on the motions to dismiss the SAC. *Id.* The Court further made clear that it understood that Relator would potentially seek leave to submit a proposed third amended complaint should any claims be dismissed and that it was reserving until a

3

later time any ruling on whether, should any claims be dismissed, further amendment would be allowed. *Id.* at 43:23.[2]

Thus, contrary to Defendants' misleading and incomplete presentation of the December 4 hearing, Relator's statements about amendment at the hearing provide no basis to dismiss any claims with prejudice. Rather, any dismissal should be without prejudice, for the reasons previously set forth in Relator's response brief. Dkt. 305 at 125-29.

---

[2] Consistent with a fair reading of the full December 4 hearing transcript, Relator did not submit a proposed third amended complaint along with his consolidated response to the Defendants' motions to dismiss the SAC. In response to Defendants' request for dismissal with prejudice in their motions to dismiss, Relator explained that, "[t]o the extent that the Court finds any aspect of Relator's pleading wanting, Relator respectfully asks that the dismissal be without prejudice to Relator seeking to amend, as appropriate, based on the Court's guidance." Dkt. 305 at 129-30. Relator also asked that, to the extent that the Court felt that specific referrals to each of the Defendant Referring Physicians were required to state a claim, Relator be afforded an opportunity to conduct limited discovery on that matter for purposes of submitting a proposed amendment. Dkt. 305 at 309.

4

Respectfully submitted,

/s/ Ruth Brown
*Attorneys for Plaintiff-Relator*

**Loevy & Loevy**

Michael Kanovitz
Ruth Brown
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900 (Telephone)
312.243.5902 (Facsimile)
mike@loevy.com
ruth@loevy.com

**Correro & Leisure, P.C.**

Mark A. Correro
2909 Hillcroft Avenue, Suite 560
Houston, Texas 77057
713.955.3323 (Telephone)
832.240.5353 (Facsimile)
Mark@CorreroLeisure.com

# CERTIFICATE OF SERVICE

I, Ruth Brown, an attorney, hereby certify that on March 4, 2021, I filed the foregoing via the Court's CM/ECF system, thereby effecting service upon all counsel of record.

By:   */s/ Ruth Brown*
Counsel for Plaintiff Hichem Chihi