United States District Court
Southern District of Texas
**ENTERED**
July 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HICHEM CHIHI and THE STATE OF COLORADO, Plaintiffs, vs. CATHOLIC HEALTH INITIATIVES, *et al*, Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-00123 <br><br> JUDGE CHARLES ESKRIDGE |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Pending is a Memorandum and Recommendation by Magistrate Judge Sam S. Sheldon dated March 31, 2022. Dkt 326. Also pending are objections filed by Plaintiff Relator Hichem Chihi and Defendants Alan Hoffman and the CHI Defendants. Dkts 329, 333 & 334.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

The Court has thoroughly considered the recommendation by the Magistrate Judge that Relator be denied leave to amend the complaint. Relator in part takes

issue with use by the Magistrate Judge of the "best case" justification for denying leave to amend. Dkt 334 at 15–20, citing *Jacquez v Procunier*, 801 F2d 789 (5th Cir 1986). He argues that the Fifth Circuit only allows courts to deny leave when a plaintiff has pleaded his best case under narrow circumstances. But Relator mischaracterizes the extent to which the Magistrate Judge relied on such justification. And the Fifth Circuit's concern as to this justification appears in the context of *sua sponte* no-notice dismissals. For example, see *Brown v Taylor*, 829 F3d 365, 370 (5th Cir 2016); *Lozano v Ocwen Federal Bank FSB*, 489 F3d 636, 643 (5th Cir 2007). This case doesn't involve a dismissal of that sort. Relator has instead already filed three extensive complaints, subject to two sets of motions to dismiss. He was aware of the potential deficiencies in his pleadings before filing the Second Amended Complaint, and he was either unable or chose not to cure them.

Relator also argues he should be given leave to amend out of fairness because some of his claims against certain Defendants survive. Dkt 334 at 20. But no information indicates that Relator can plead non-conclusory allegations against Defendants on the claims being dismissed. *See United States ex rel Grubbs v Kanneganti*, 565 F3d 180, 185–92 (5th Cir 2009) (granting relator leave to replead claims against certain defendants against whom claims survived when he'd submitted proposed amendment); *United States ex rel Willard v Humana Health Plan of Texas Inc*, 336 F3d 375, 387 (5th Cir 2003) (denying relator third chance to amend complaint in part because no indication given as to ability to cure deficiencies).

Upon *de novo* review and determination, the parties' objections lack merit. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Relator Hichem Chihi and Defendants Alan Hoffman and the CHI Defendants to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED, including as to denial of leave to amend the complaint. Dkts 329, 333 & 334.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 326.

The motions by Defendants to dismiss Plaintiff's second amended complaint are GRANTED IN PART AND DENIED IN PART as specified in the Memorandum and Recommendation. Dkts 302 & 303.

As to Counts I and II, remaining in this action are Relator's False Claims Act claims under Section 3729(a)(1)(A) and (B) against the CHI Defendants and Dr Hoffman only, to the extent they are predicated on the Anti-Kickback Statute.

As to Counts V, VI, VII, and IX, also remaining are Relator's Texas Medicaid Fraud Prevention Act claims under Section 36.002(1), (2), (4), and (13) against the CHI Defendants and Dr Hoffman only.

All other claims asserted against other Defendants in Counts I, II, V, VI, VII, and IX are DISMISSED WITH PREJUDICE.

As to Counts III, IV, and VIII, they are DISMISSED WITH PREJUDICE in their entirety.

All Defendants other than the CHI Defendants and Dr Hoffman are DISMISSED WITH PREJUDICE from this action.

SO ORDERED.

Signed on July 8, 2022, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge

3